M & T Trust Company, Appellant and Respondent, *v.*
The City of Buffalo, Respondent and Appellant.

(Argued January 3, 1935; decided February 26, 1935.)

*H. W. Huntington* for plaintiff, appellant and respondent. The statute under which the taxes were levied and collected has been declared illegal and void. (*Public Nat. Bank* v. *Keating*, 284 U. S. 587; *Peoples Nat. Bank & Trust Co.* v. *County of Westchester*, 261 N. Y. 342.) There was no voluntary payment of any part of the tax

by the stockholders of the bank. (*People ex rel. First Nat. Bank* v. *Schadt*, 237 App. Div. 233; *Matter of Edison El. Ill. Co.*, 22 App. Div. 371; 155 N. Y. 699; *Second Nat. Bank* v. *City of New York*, 213 N. Y. 457; *Hirshfeld* v. *Fitzgerald*, 157 N. Y. 166; *People ex rel. American Ex. Nat. Bank* v. *Purdy*, 196 N. Y. 270.)

*Gregory U. Harmon, Corporation Counsel (Jeremiah J. Hurley* of counsel), for defendant, respondent and appellant. The taxes were not paid under duress, coercion or penalty of statutes. (*Liberty Bank* v. *City of Buffalo*, 241 App. Div. 323; 265 N. Y. 543.) Payment of the tax as adjusted by the plaintiff was voluntary and not under protest or duress. (*Tripler* v. *New York*, 125 N. Y. 617; *Phelps* v. *Mayor*, 112 N. Y. 216; *Bruecher* v. *Village of Port Chester*, 101 N. Y. 240; *Vanderbeck* v. *Rochester*, 122 N. Y. 285; *Chesebrough* v. *United States*, 192 U. S. 253; *Union Pacific R. R. Co.* v. *Commissioners*, 98 U. S. 541; *Security Nat. Bank* v. *Young*, 55 Fed. Rep. [2d] 616; 286 U. S. 551; *Gaar, Scott & Co.* v. *Shannon*, 223 U. S. 468; *Illinois Merchants Trust Co.* v. *Harvey*, 335 Ill. 28; *Adrico Realty Co.* v. *City of New York*, 250 N. Y. 29; *Little* v. *Bowers*, 134 U. S. 547; *Newburgh Sav. Bank* v. *Town of Woodbury*, 173 N. Y. 55; *Matter of McCue* v. *Board of Supervisors*, 162 N. Y. 235.) The third cause of action was compromised, settled, adjusted and adjudicated in a certiorari proceeding to review the assessment therein alleged, and the tax sought to be recovered back in this action was paid as an accord and satisfaction of a voluntary agreement. (*Simons* v. *American Legion of Honor*, 178 N. Y. 263; *Matter of Seybel*, 120 App. Div. 291; 194 N. Y. 589; *Moers* v. *Moers*, 229 N. Y. 294; *People ex rel. O'Mara* v. *Bd. of Supervisors*, 63 Hun, 625; *Morehouse* v. *Second Nat. Bank*, 98 N. Y. 503; *Brassell* v. *Electric Welding Co.*, 239 N. Y. 78; *Holland* v. *Atlantic Stevedoring Co.*, 239 N. Y. 605; *Logan* v. *Davidson*, 18 App. Div. 353; 162 N. Y. 624; *Union Pacific R. R. Co.* v. *Commissioners*,

98 U. S. 541; *United States* v. *California & Oregon Land Co.*, 192 U. S. 355; *Luce* v. *N. Y. C. & St. L. R. R. Co.*, 213 App. Div. 374; 242 N. Y. 519; *Vanderbeck* v. *Rochester*, 122 N. Y. 285; *Gaar, Scott & Co.* v. *Shannon*, 223 U. S. 468.)

LEHMAN, J. In November, 1925, the Manufacturers and Traders National Bank of Buffalo, a National bank, was converted into a State bank, and the Manufacturers and Traders Bank of Buffalo was incorporated under the Laws of the State of New York, and acquired by assignment all of the property of the Manufacturers and Traders National Bank of Buffalo. On December 15th, 1925, the Manufacturers and Traders Bank of Buffalo was merged into the Fidelity Trust Company of Buffalo, and the name of the Fidelity Trust Company was changed to Manufacturers and Traders Trust Company. Thereafter the Manufacturers and Traders Trust Company received notice that the tax assessors of the defendant city of Buffalo attempted to assess for purposes of taxation all the issued and outstanding capital stock of the Manufacturers and Traders National Bank of Buffalo, pursuant to the Tax Law of the State of New York (Cons. Laws, ch. 60, as added by L. 1916, ch. 323, and amd. by L. 1917, ch. 153, and L. 1923, ch. 897). The assessment was in the amount of $43,042.40. In January, 1930, the plaintiff, as the successor of the Manufacturers and Traders National Bank of Buffalo, paid to the Treasurer of the city of Buffalo two-thirds of said tax, with interest.

The plaintiff alleges in its third cause of action that the Tax Law, in so far as it purported to permit the assessment of the stock of National banks, was void, and the assessments attempted to be made thereunder were illegal. It further alleges that the payment of a portion of the tax was made under duress, and it seeks a recovery of the moneys so paid. The defendant before answering

the complaint moved under rule 106 of the Rules of Civil Practice for judgment dismissing the third cause of action on the ground that it does not state facts sufficient to constitute a cause of action, and under rule 107 for judgment dismissing the complaint on the further ground that the said cause of action has " been compromised, settled, adjusted and adjudicated."

The allegations of the complaint are sufficient to show payment of a part of the tax which has been illegally assessed upon the stock of a National bank under a void statute. (*Keating* v. *Public Nat. Bank*, 284 U. S. 587.) The plaintiff cannot recover the payment so made if such payment was made voluntarily, though under a mistake of law. The question here presented is whether the payment was made under duress or was made voluntarily, and as a result of a compromise or settlement.

Payment of taxes illegally assessed under void statutes, when made to avoid a penalty or to release personal property from a lien, may at times be regarded as involuntary, and the result of duress. (*Adrico Realty Corp.* v. *City of New York*, 250 N. Y. 29.) In the case now under consideration the statute purported to place upon the National bank the duty of paying the tax assessed, and if it failed to perform such duty, the bank incurred a penalty of $100 a day. If it paid the tax it acquired a lien for the sum paid upon the stock belonging to the stockholders. Here the plaintiff did not pay any part of the tax for five years after it received notice of the tax; then it paid only two-thirds of the tax, and the affidavits show that such payment was the result of a compromise. The question would be different if the plaintiff had promptly paid the tax assessment in full rather than take the risk of being compelled to pay accumulated penalties if the tax were thereafter declared valid. (Cf. *Ætna Ins. Co.* v. *Mayor*, 153 N. Y. 330; *People ex rel. American Exchange Nat. Bank* v. *Purdy*, 196 N. Y. 270.) We do not pass upon such question. Here the allegations of the com-

plaint negative any possible inference of duress which might otherwise be drawn from payment of an illegal tax assessment made under a void statute which purports to impose a heavy penalty in case of non-payment. For five years the risk that it might eventually be compelled to pay the tax with accumulated penalties was insufficient to coerce the plaintiff to make payment. Then it succumbed, not to fear alone, but to the enticement of a compromise. True, the complaint does not in express terms state that payment was the result of a compromise, but if there be doubt whether such an inference can be drawn from the allegations of the complaint, that doubt is removed by the undisputed allegations contained in the affidavits of the defendant submitted upon its motion made under rule 107.

These affidavits show that the bank promptly began proceedings to review the assessment, claiming that it was illegal and void. True, the ground urged was rather that the assessors had acted erroneously and under a misconstruction of the statute than that the statute itself was invalid. None the less the plaintiff made no payment pending the decision upon its application for review. Then the parties entered into agreement to settle. The plaintiff could not make any protest against payment which was the result of a voluntary agreement. Certainly at that time it concealed any intention it might have had to reclaim the amount paid under voluntary agreement if thereafter the taxing statute should be held void. The city gave up any right it might otherwise have had to claim the tax in full with accumulated penalties. The plaintiff in return was willing to pay the stipulated portion of the tax. The courts will not disregard an agreement of parties voluntarily arrived at and fully executed. Especially is that true where the stipulation, as in this case, requires the determination of a court proceeding then pending for the review of a tax assessment which is claimed to be invalid.

The plaintiff seeks to escape the consequences of its voluntary payment of part of the tax by' the claim that it is suing to recover a tax paid in behalf of its shareholders, though such shareholders had never given it any authority to pay the tax or to compromise the amount of the tax. If in truth the bank was, at all times, acting in behalf of its shareholders, or if it were attempting to enforce a lien upon the stock of its shareholders, that contention would not be without substance. (*People ex rel. American Exchange Nat. Bank* v. *Purdy, supra.*) Here, however, the bank was acting for itself in making the payment, and it is acting for itself in seeking to recover the payment made. The statute does not purport to give to the bank a lien for a payment which is the result of a compromise. If the bank voluntarily agreed to a settlement which it was not authorized to enter into in behalf of its shareholders, no right to recover payments voluntarily made by the bank can be predicated upon a claim that it was not authorized to make the settlement. Indeed, in the proceedings to review the tax assessment, claim of illegality was based upon the ground that even at the time when the plaintiff received notice of the tax assessment, the existence of the National bank had been terminated, and no stock or shareholders survived.

The appeal by the plaintiff has been withdrawn, without costs, by permission of the court.

On the appeal by the defendant the order of the Appellate Division should be reversed and that of the Special Term affirmed, without costs; the second question certified should be answered in the affirmative and the first question not answered.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.