Edgar J. Nathan, J.
Plaintiff moves for summary judgment and defendant cross-moves for summary judgment.
Plaintiff instituted this action to recover the sum of $2,178.52 representing payment of a sales tax assessment covering the period of April 1,1950 to March 31, 1953. Payment of this sum was made by a check upon which was indorsed “ In Protest ”. Prior to this payment, plaintiff had erroneously collected -from its customers sales taxes amounting to $1,901.32 which was paid over to the defendant. It is undisputed that these were collected as taxes on most of the materials which the defendant taxed in arriving at the sales tax deficiency assessment now questioned. However, the defendant asserts that despite the payment. of the sum of $1,901.32 the plaintiff cannot escape the burden of the tax which, under the Sales Tax Regulations, is imposed on it rather than its customers.
*875 Plaintiff resists the assessment and seeks to recover the payment on the ground that defendant is illegally attempting to collect taxes twice, since the latter already received payment of the taxes on the same transactions by virtue of the prior payment of $1,901.32. Concededly, after notification of the sales tax deficiency assessment, the plaintiff executed a consent and waiver under which the sales tax deficiency assessment was reduced to the sum of $2,178.52. After defendant had confirmed and approved the compromise agreement, plaintiff forwarded its check for the sum agreed upon but marked the check ‘ ‘ In Protest ”.
Plaintiff argues that payment was induced by duress and was involuntary inasmuch as it was made under protest. •
Irrespective of any question as to the legality of the assessment, the aspect of double taxation or plaintiff’s right to use the $1,901.32 payment as an offset against the sales tax deficiency, plaintiff may not recover if the payment of $2,178.52 was voluntarily made pursuant to a compromise agreement (M. & T. Trust Co. v. City of Buffalo, 266 N. Y. 319; see Mercury Mac. Importing Corp. v. City of New York, 3 N Y 2d 418, 425). At the time the parties entered into the compromise agreement and the tax was paid, no lien had been filed and no property of plaintiff had been attached. The mere fact that nonpayment of the tax would have resulted in the imposition of additional interest and penalties does not constitute duress or coercion sufficient to make the payment involuntary. (See Title Guar. & Trust Co. v. City of New York, 265 App. Div. 304, affd. 290 N. Y. 910.) Since there was no duress or coercion, plaintiff’s payment of the tax, though made under protest, was voluntary and may not be recovered regardless of the validity of the assessment (People v. Wilmerding, 136 N. Y. 363, 374).
From the undisputed facts it appears that plaintiff in making the payment, ostensibly under protest, was attempting to take the benefit of the compromise agreement and at the same time reserve its rights to recover the tax on the claim of illegality. Having elected to take advantage of the compromiso agreement, which is not attacked, plaintiff, thereby, waived any right to contest the assessment. As a result the payment nullifies the protest especially since plaintiff had full knowledge of the facts and was not under coercion when the payment was made.
Accordingly, the cross motion for summary judgment dismissing the complaint is granted and the plaintiff’s motion for summary judgment is denied.
Settle order.