PEOPLE ex rel. GENERAL CHEMICAL COMPANY, Relator, *v.* JACOB A. CANTOR et al., as Commissioners of Taxes of the City of New York, Defendants.

(Supreme Court, New York Special Term, November, 1918.)

Taxes — when motion to reduce assessment granted — substitution of new system of taxation — New York State Income Tax Law added by Laws of 1917, chap. 726, and amended in 1918.

Article IX-A of the Tax Law, commonly known as the '' New York State Income Tax Law,'' added by chapter 726 of the Laws of 1917, and amended by chapters 271, 276, 292 and 417 of the Laws of 1918, substitutes a new system for the taxation of manufacturing and mercantile corporations and provides that after said act takes effect they shall not be subject to

assessment or taxation on their personal property as defined by said statute and which for the purpose of exemption as provided by section 219-J of the Tax Law, "shall include such machinery and equipment affixed to the building as would not pass between grantor and grantee as a part of the premises if not specifically mentioned or referred to in the deed, or as would, if the building were vacated or sold  *  *  * be removed, except boilers, ventilating apparatus," etc.   On review of an assessment made by defendants for the year 1918 of real property owned by relator, a manufacturing corporation, and to correct said assessment because there was erroneously included therein the value of machinery and equipment, *held,* that it being conceded that all the machinery and equipment of relator could be detached and removed without material injury to the building, relator's motion to reduce the assessment should be granted as prayed for.

PROCEEDING to review assessments made by defendants for the purpose of taxation for the year 1918.

Fraser & Spier, for relator.

Cumming & Webster (Joseph Rowan, of counsel), for E. W. Bliss Company, intervening.

William P. Burr, corporation counsel (Eugene Fay, of counsel), for defendants.

DELEHANTY, J.   This proceeding is instituted to review the assessments made by defendants for the purpose of taxation for the year 1918 of real property owned by relator, located in the borough of Queens in the city of New York.   The properties were assessed as follows: Lot 5, land improved $25,000, land with improvements thereon $105,000; lot 50, land improved $169,000, land with improvements thereon $306,000; lot 60, land improved $23,500, land with improvements thereon $88,000.   The amounts included for improvements on the land, viz., $80,000 on lot 5, $137,000 on lot 50, and $64,500 on lot 60, were fixed as follows:

Lot 5, buildings $40,000, machinery and equipment $40,000; lot 50, buildings $77,000, machinery and equipment $66,000; lot 60, buildings $26,200, machinery and equipment $38,300. Included in the item for machinery and equipment is. an assessment conceded by relator as correctly made for " boilers, ventilating apparatus, elevators, gas, electric and water power, generating apparatus and shafting " on the following valuations: Lot 5, $12,230; lot 50, $16,840, and lot 60, $7,000. During the time the. books of annual record were open for inspection, relator filed with defendants application for correction of said assessments on the ground that some were erroneous because there was included therein the value of machinery and equipment which relator claimed were exempt from assessment by virtue of section 219J of chapter 726, Laws of 1917. After hearing duly had thereon the respondents decided that said machinery and equipment were properly and legally assessable as real estate as defined by subdivision 6 of section 2, article I of the Tax Law, and that such machinery and equipment were not exempt from assessment for taxation for local purposes under the provisions of said section 219J of the Tax Law. The amount of the assessment in dispute is the difference between the total amount added for machinery and equipment and the amount at which the boilers, etc., were included, which is as follows: Lot 5, $27,770; lot 50, $43,160; lot 60, $31,300. In other words, it is the contention of the relator that under article IX-A of the Tax Law (added by chap. 726, Laws of 1917, in effect June 4, 1917, amended by chaps. 271, 276, 292 and 417, Laws of 1918), the machinery and equipment other than the boilers, etc., were exempt from taxation and therefore improperly included in the assessments. The question submitted for determination, therefore, is as to the change chapter 726

of the Laws of 1917 has made in the taxable status of machinery and equipment of manufacturing and mercantile corporations. Article IX-A of the Tax Law, above mentioned, is commonly known as the Emerson Act or the " New York State Income Tax Law." It substitutes a new system of taxing manufacturing and mercantile corporations, to-wit, three per cent on their net income, and provides that thereafter such corporations shall not be subject to assessment or taxation on their personal property which the act defines. Section 219J of the Tax Law, so far as material, reads as follows: " Manufacturing and mercantile corporations exempt from personal property tax and from the provisions of sections twelve, twenty-seven, one hundred and eighty-two and one hundred and ninety-two of the tax law. After this article takes effect manufacturing and mercantile corporations shall not be assessed on any personal property which for the purpose of this exemption shall include such machinery and equipment affixed to the building as would not pass between grantor and grantee as a part of the premises if not specifically mentioned or referred to in the deed, or as would, if the building were vacated or sold, or the nature of the work carried on therein changed, be moved, except boilers, ventilating apparatus, elevators, gas, electric and water power generating apparatus and shafting." Prior to the passage of the Emerson Act, " real estate " for the purpose of taxation was defined by subdivision 6, section 2 of the Tax Law as " the land itself above and under water, all buildings and other articles and structures, substructures and superstructures, erected upon, under or above, or affixed to the same," and under the decisions of this state it has been held that pursuant to said section quoted machinery installed in a building and affixed to the realty is taxable as real estate. *People*

5

*ex rel. New York Edison Co.* v. *Wells,* 135 App. Div. 644, and cases there cited. But the situation in this respect is now changed. The legislature by the Emerson Act has defined what shall constitute " personal property " for the purpose of taxation of mercantile and manufacturing corporations and has made such exempt from local taxation. The language used in the statute is in nowise uncertain or doubtful of meaning, and in my opinion the plain intent thereof was to exempt from personal tax such machinery and equipment affixed to the building as could be removed therefrom without material injury thereto, except, of course, boilers, etc., expressly precluded. This is obvious from the context of the statute quoted; otherwise why an enumeration of machinery and equipment not exempt from taxation? It is well settled that the only machinery and equipment affixed to a building that would not pass by deed unless specifically mentioned therein would be such as are detachable and removable without material injury to the building, and the same rule of construction applies to the other clause of the statute, for if the machinery and equipment were permanently affixed to the building it would be properly taxable as real estate, whether or not the building were vacated or sold, or the nature of the work carried on therein changed. Viewing the legislation from all angles contended for, I am unable to reach any other conclusion than that claimed by the relator and intervenor, and as defendants conceded by stipulation that all said machinery and equipment of relator could be detached and removed without material injury to the building in question, I conclude that the motion for reduction of assessment should be granted as prayed for.

**Motion granted.**