AMERICAN LINOLEUM MANUFACTURING COMPANY, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, New York Trial Term, June 24, 1924.

**Taxation — assessment — complaint alleged error in including item of personalty in assessment of realty — failure of taxpayer to invoke power vested in commissioners of taxes and assessments of city of New York by Greater New York charter, § 897 — grievance based upon overvaluation and not upon illegality — complaint dismissed.**

A complaint which alleges that the commissioners of taxes and assessments of the city of New York erred in including an item of personalty in an assessment of realty will be dismissed where it appears that the plaintiff, a taxpayer, failed to invoke the power vested in the commissioners pursuant to section 897 of the Greater New York charter before commencement of the action, since its grievance is based upon an overvaluation and not upon an illegality.

MOTION to dismiss complaint.

*Strasbourger & Schallek* (*Max L. Schallek*, of counsel), for the plaintiff.

*George P. Nicholson*, corporation counsel (*Harry S. Lucia*, of counsel, *William H. King* with him on the brief), for the defendant.

MULLAN, J. It seems quite plain to me that the action does not lie. The case of *People ex rel. Wessell, Nickel & Gross* v. *Craig*, 236 N. Y. 100, upon which plaintiff mainly relies, is not in point. There

the aggrieved taxpayer had placed itself within the remedial field of section 897, Greater New York charter. It followed the charter provision and obtained an order of the tax board for the reduction it sought, and the comptroller refused to effectuate the order. Here no attempt was made to invoke the power vested in the tax commissioners by section 897. The case of *Ætna Ins. Co.* v. *Mayor, etc.,* 153 N. Y. 331, is not applicable, as there the assessment was wholly void and illegal. Where, as here, the claimed error consists of the inclusion of an item of personalty in an assessment of realty, the grievance is based upon overvaluation and not upon illegality. *People ex rel. Soeurbee, Inc.,* v. *Purdy,* 179 App. Div. 748; affd., 222 N. Y. 657. Without expressing any opinion upon the competency of the testimony of the deputy tax commissioner, I deny the motion to strike it out, as it is immaterial if the view I take be correct, but it may be very material if it should be held by the appellate courts that such an action as this will lie. The complaint is dismissed.

Ordered accordingly.