JACOB SUBIN, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Municipal Court of New York, Borough of Manhattan, Seventh District,
June 22, 1928.

**Municipal corporations — water charges — Code of Ordinances of city of New York, chap. 25, art. 2, § 21, makes three dollars charge per annum for baths for unmetered water — plaintiff's apartment contained " combination stationary washtubs " in kitchen which might be used for bathing purposes — said " washtubs " do not come within meaning of " baths," as described in Code of Ordinances — since tax was paid under compulsion of having water shut off, payment was not voluntary — payment of tax was made in March, 1920 and 1921, but action was not commenced until December 22, 1927 — action arose when payments were made — recovery of overpayments made is barred by six-year Statute of Limitations.**

Baths located in the kitchen of an apartment house in the city of New York, equipped so that when the partition is in position they may be used for washing wearing apparel and, when removed, for bathing, and known as " combination stationary washtubs," are not " baths," within the classification of section 21 of article 2 of chapter 25 of the Code of Ordinances of the city of New York and subject to charge of three dollars per annum for unmetered water; the arrangement is actually a " washtub " which may be used as a " bath."

Since unpaid water taxes become a lien, with penalties added for delay, payment of the tax herein was under compulsion.

However, since plaintiff paid the taxes for the years 1920 and 1921 in March of those years but did not claim a refund for overpayments until March 4, 1927, and delayed the commencement of this action to recover the overpayments until December 22, 1927, recovery of overpayments cannot be had, by reason of the six-year Statute of Limitations; the cause of action accrued when the payments were made to the city of New York and the Statute of Limitations began to run simultaneously therewith.

ACTION brought by the plaintiff against the city of New York to recover the sum of $432.50 paid to it as a charge for water supplied for use in so-called bath tubs in premises located at 203–205 East One Hundred and Second street, borough of Manhattan, during the years 1920 to 1927, inclusive.

*Jacob I. Berman,* for the plaintiff.

*George P. Nicholson, Corporation Counsel [Charles E. Lalanne of counsel],* for the defendant.

LEARY, J. The complaint alleges that the city of New York each year from 1920 to 1927 included in its bill for water supplied, a charge of twenty-one dollars a year for the use of baths at premises 203 East One Hundred and Second street, and thirty-three dollars a year at premises 205 East One Hundred and Second

street; that during this period there were no baths in said buildings, and that said charges were illegal, unjust and improper. The plaintiff claims to be entitled to a refund of same. Plaintiff duly presented his claim to the comptroller of the city of New York and was examined by him, but the claim was not paid.

The alleged baths are located in the kitchen of each apartment and are equipped with a partition which is removable and may be used for taking baths. When used for washing wearing apparel, etc., the partition is replaced. This is what is termed "combination stationary washtubs."

In 1913 the ordinance relating to bath tubs was amended and a number of charges previously known as regulations were included in the Code of Ordinances of the city of New York, and the item of baths in the present ordinance, chapter 25, article 2, section 21, is as follows: "Extra and miscellaneous rates where supply is not metered.— 1. Baths — shall be charged $3 each per annum, 1 bath supplied to each house free of additional charge."

The question, therefore, presents itself as to whether these kitchen tubs can be classified as a bath tub and subject to a three-dollar charge, as the water supply in the premises in question is not metered.

I find and decide that this "combination tub" does not come within the meaning of "baths," but is really a "wash tub," which may be used as a "bath."

The defendant further contends that the sums sought to be recovered were paid by the plaintiff voluntarily, under no mistake and without any duress, coercion or fraud, either in law or in fact, and, therefore, this action cannot be maintained.

In this it is in error, as unpaid water taxes become a lien with penalties added for delay. As was said by Judge CARDOZO in *People ex rel. Wessell, Nickel & Gross v. Craig* (236 N. Y. 100, 104): "The tax becomes a lien at the time, stated in the charter (§ 914). Payment made thereafter is not voluntary, for the menace of the lien with penalties added for delay * * * has the effect of rendering it compulsory * * *."

Furthermore, under section 478 of the Greater New York Charter, the commissioner of water supply, gas and electricity may shut off the supply of water to the premises for a failure to pay water bills, and notice of this is printed upon the back of said bills.

Where a property owner is forced to pay a water tax by a threat to shut off the supply, it is a payment under compulsion. (*Westlake & Button v. City of St. Louis*, 77 Mo. 47.)

The only defense of the defendant which seems to merit some consideration is that of the Statute of Limitations.

The payments of water tax for the years 1920 and 1921 were made March 25, 1920, and March 21, 1921, respectively. The claim for the refund of the overpayments was made to the comptroller of the city of New York on or about March 4, 1927. The summons in this action was not served until the 22d day of December, 1927; therefore, the action is not deemed to have been commenced until this last date.

The nature of the complaint herein is for " money had and received " and is covered by the six-year Statute of Limitations. By reason of the nature of the cause of action, the duty to pay over to the plaintiff arose at once when these payments were made to the city of New York, and the cause of action accrued at once, and the Statute of Limitations began to run simultaneously with it.

The plaintiff having failed to institute this action until the 22d day of December, 1927, the recovery of the overpayments made in 1920 and 1921, respectively, are barred by the Statute of Limitations.

I hereby find and decide that after trial the plaintiff is entitled to recover from the defendant the sum of $324 for the years 1922 to 1927, inclusive, with interest from the date when each payment was made.