ISAAC GOLDBERG, Plaintiff, v. THE CITY OF NEW YORK, Defendant.

First Department, June 19, 1940.

*Alexander E. Rosenthal* of counsel [*Mordecai Goldberg* with him on the brief; *Irving Segal*, attorney], for the plaintiff.

*Hyman W. Kehl* of counsel [*Arthur A. Segall* and *Anthony Curreri* with him on the brief; *William C. Chanler, Corporation Counsel*], for the defendant.

O'MALLEY, J. The question presented is whether, under the stipulated facts, payments by the plaintiff of taxes for the years 1935, 1936 and 1937, assessed under the provisions of section 21 of article 2 of chapter 25 of the Code of Ordinances of the City of New York, are to be considered as voluntary payments, or as having been made under duress and coercion. The taxes were assessed on the theory that kitchen tubs in plaintiff's premises properly could be held to be bath tubs.

It has been heretofore held that, with respect to similar tubs located in kitchens in premises having no bath rooms, assessments have illegally been made under the statute which relates, so far as material, to charges for baths. (*Effell Realty Corp.* v. *City of New York*, 282 N. Y. 541.) The statute in question contains no provision for refund of the illegally assessed taxes, nor is there any other specific provision of law relating thereto.

If these taxes were not paid, concededly interest would have accrued after a certain date at the rate of seven per cent per annum and, after a lapse of some years, the lien of the charges might be offered for sale by the city. In addition, a provision on the back of the tax bills called attention to the fact that, in the event of non-payment and notice thereof, the supply of water could be shut off. It is to be noted that at no time prior to payment of the taxes did plaintiff in any way, formally or informally, protest their assessment, nor in any manner did he protest at the time of making his payments, before any penalty accrued.

It is well settled and conceded by both parties that a voluntary payment of taxes made under a mistake of law, but with full knowledge of all the facts, cannot be recovered. (*M & T Trust Co.* v. *City of Buffalo*, 266 N. Y. 319; *Adrico Realty Corp.* v. *City of New York*, 250 id. 29.) It has been held that, where taxes or other

payments are demanded by a municipality and where there are penalties such as high rates of interest, liens or other penalties provided, payment may be considered as having been made not voluntarily but under duress and coercion. (*Adrico Realty Corp.* v. *City of New York supra; Effell Realty Corp.* v. *City of New York, supra; American District Telegraph. Co.* v. *City of New York,* 213 App. Div. 578; affd., 243 N. Y. 565.)

In those cases, however, and others of similar import, the municipality, either by payment under formal protest, or protest of some kind made before payment, was put upon notice that the legality of the payment was called into question. Here, as already noted, plaintiff did not call into question the legality of the assessment at any time.

It is true that it has been held in some cases that a protest is but some evidence of duress and coercion and not a prerequisite of recovery. We are of opinion that, on the other hand, lack of protest may also be considered as evidence that the payment was voluntary.

When the legality of a demand for payment by the municipality is called into question, it puts the corporate body upon notice and enables it to prepare to show later that the payment demanded was proper. Here, it well might have happened that after the years for which the taxes were paid, the tubs in question would have been removed. The city in such instance might find it difficult, in resisting a claim of illegality, to show the physical nature of the tubs and the surrounding facts and circumstances.

We are of opinion, therefore, that plaintiff's failure heretofore to call into question, formally or informally, the illegality of the assessments, precludes a recovery of the payments made, and that, legally speaking, they are to be considered as having been made voluntarily with full knowledge of the facts.

It was stated in *Adrico Realty Corp.* v. *City of New York (supra,* p. 44): " We do not mean to say that a payment made *without protest* and under no immediate pressure to escape a penalty can be recovered if later it is ascertained that the assessment was illegal. We are dealing with the facts of this case." (Italics ours.)

The Court of Appeals, it is to be noted, restricted its holding to the particular facts found and stated that the situation before it presented disputed facts, not clear, and that the law applicable is dependent upon the facts.

Here, there are no disputed facts. Particularly is this so when it is remembered that this is a submission of controversy where all essential facts must be stipulated. Again, there was no threat of physical injury, or arrest or imminent and irreparable injury to property or business.

The absence of a protest of some nature, therefore, precludes in our opinion the recovery by the plaintiff of the taxes so paid. (*Adrico Realty Corp.* v. *City of New York, supra; Matter of 320 W. 37th St., Inc.,* v. *McGoldrick,* 281 N. Y. 132, 138, 139; *People ex rel. Wessell, Nickel & Gross* v. *Craig,* 236 id. 100.)

It follows, therefore, that judgment should be directed for the defendant, but without costs.

MARTIN, P. J., TOWNLEY, COHN and CALLAHAN, JJ., concur.

Judgment unanimously directed in favor of the defendant, without costs. Settle order on notice.