CORPORATE PROPERTIES, INC., Plaintiff, *v.* THE CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, August 28, 1940.

*Kleiner & Britwitz,* for the plaintiff.

*William C. Chanler, Corporation Counsel [Sol Charles Levine* and *Edmund B. Hennefeld* of counsel], for the defendant.

WALTER, J. By Local Law No. 20 (published as No. 21) of the New York City Local Laws of 1934 a utility tax was imposed upon the gross income of any person who shall engage in the business of furnishing or selling electric service whether or not such person is subject to supervision by the department of public service. Under that and similar laws enacted in subsequent years (Local Laws of New York City, No. 2 of 1935; No. 30 of 1936; No. 23 of 1937, No. 22 of 1938; No. 104 of 1939) plaintiff and its assignor each

month from February, 1935, to August, 1939, filed with the comptroller, on forms supplied by him, returns which stated the amount of their gross income from electric service and paid a tax thereon in the amount specified in the law. The first form supplied by the comptroller stated that it was " For use by utilities other than railroad, bus companies and other common carriers." The subsequent forms stated that they were " For use by utilities not subject to the supervision of either division of the department of public service." Each form called for a statement of the kind of business, and in each instance plaintiff and its assignor inserted the words " real estate." On July 11, 1939, the Court of Appeals, reversing lower court decisions confirming a determination of the comptroller, decided that a company which, as an incident of its real estate business, supplied to its tenants electricity which it purchased at wholesale was not subject to the tax. (*Matter of 320 West 37th St., Inc.*, v. *McGoldrick*, 281 N. Y. 132.) The ruling was, not that the law was unconstitutional or that it would be unconstitutional to apply it to such a company, but simply that that particular company was not engaged in the business of selling electricity within the intent of the law. Conceiving that under that construction of the statutes it and its assignor likewise were not engaged in the business of selling electricity, plaintiff brings this action at law to recover the taxes they have paid as money had and received for their use.

Plaintiff's present conception as to the non-liability of its assignor and itself is, I hold, correct. (*Matter of 320 West 37th St., Inc.*, v. *McGoldrick, supra.*) That, however, merely shows that they paid the taxes under a mistake of law. They clearly knew the facts. No one knew the nature of their own business better than they did. They paid simply because they misconstrued the statute. They consequently cannot recover if they paid voluntarily. (*Adrico Realty Corp.* v. *City of New York*, 250 N. Y. 29, 32; *M & T Trust Co.* v. *City of Buffalo*, 266 id. 319, 323.)

Where an unambiguous statute itself specifies and identifies the taxable transaction or object (as distinguished from merely describing a class of transactions or objects), and also where the taxing officers make an assessment or otherwise officially indicate their intent to impose the tax upon a particular transaction or object, payment of the tax in order to avoid penalties or free property from a lien is not a voluntary payment even though not accompanied by words of protest. (*People ex rel. American Exchange National Bank* v. *Purdy*, 196 N. Y. 270, 277; *Ætna Ins. Co.* v. *Mayor*, 153 id. 331, 340.) If, therefore, the taxing officials had said to plaintiff and its assignor in words or substance that they were subject to the tax and

would be subjected to penalties unless they filed the return and paid the tax, I would hold that the payment was not voluntary but under duress in order to avoid penalties. (*Adrico Realty Corp.* v. *City of New York*, 250 N. Y. 29, 39–43.) No facts are here alleged, however, from which it can be inferred that any taxing official ever said any such thing to the plaintiff or to its assignor. The most that can be inferred is that the taxing officials supplied forms appropriate for a return and that plaintiff and its assignor then determined for themselves whether or not they should file returns and pay a tax.

I conclude, therefore, that the payments here were voluntary, and it thus is not necessary to consider whether or not or to what extent plaintiff may be barred by failure to resort to statutory remedies.

Plaintiff's motion for summary judgment is denied and the cross-motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action is granted.