SLOANE ESTATES, INC., Plaintiff, *v.* THE CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, January 2, 1941.

*Sachs & Picket* [*Morway Picket* of counsel], for the plaintiff.

*William C. Chanler, Corporation Counsel* [*Sol Charles Levine* and *Edmund B. Hennefeld* of counsel], for the defendant.

KOCH, J. The plaintiff, owner of a building in New York city, sues to recover taxes paid to the city of New York upon electric current purchased at wholesale rates from the Consolidated Edison Company and submetered to plaintiff's tenants. The Court of Appeals has held that the local laws pursuant to which the comptroller purported to collect the taxes in question did not apply to a company such as the plaintiff which, as an incident of its real estate business, supplied to its tenants electricity purchased by it at wholesale. (*Matter of 320 West 37th Street, Inc.,* v. *McGoldrick,* 281 N. Y. 132.) Although the opinion in the cited case contained language suggesting that, if the laws in question had imposed a tax upon current furnished by the plaintiff and others similarly situated, they would be unconstitutional, the actual holding was not that the laws were unconstitutional but rather that they were not applicable to the transactions engaged in by the plaintiff. If they were not applicable, discussion of their constitutionality in the event that they did apply would of course be only dictum. That there was no holding that the local laws were unconstitutional has been held by Mr. Justice WALTER in *Corporate Properties, Inc.,* v. *City of New York* (175 Misc. 306).

The opinion of Judge FINCH, writing for the Court of Appeals in *New York Rapid Transit Corp.* v. *City of New York* (275 N. Y. 258), contains language susceptible of the construction that the remedies provided for in the local laws themselves in order to recover taxes erroneously or illegally collected are exclusive, except where the common-law action to recover such taxes proceeds on the theory that the laws imposing the taxes are unconstitutional. However, subsequent decisions of the Court of Appeals appear

to stand for the proposition that notwithstanding the remedies provided for in the local laws, a common-law action to recover taxes may be maintained not only where the taxes were collected under an unconstitutional statute, but also where the taxes were collected under a statute which did not legally require the payment of the taxes. Thus, in *Matter of 320 West 37th Street, Inc.*, v. *McGoldrick (supra)*, a case involving the taxability of a corporation similarly situated to the present plaintiff, the opinion of the court, written by Judge HUBBS, indicates (p. 138), that a common-law action would lie to recover taxes paid under protest upon submetered current, notwithstanding the remedies provided for in the city's local laws: " In the circumstances the general rule of voluntary payment is not applicable. Otherwise there would be no reason for the enactment of the statutory provision for a refund *as a tax erroneously paid under protest could be recovered without such statutory provision.*" (Italics this court's.)

In *Dun & Bradstreet* v. *City of New York* (276 N. Y. 198) it was held that the taxpayer was not confined to the remedies provided for in the local laws, and could maintain an action for a declaratory judgment although the contention was not that the taxing statute was unconstitutional, but merely that it was inapplicable to the transactions engaged in by the plaintiff. A similar holding was made in *Socony-Vacuum Oil Co.* v. *City of New York* (247 App. Div. 163; affd., 272 N. Y. 668).

Although the question is not entirely free from doubt, the court holds that a common-law action may successfully be maintained by the plaintiff to recover moneys paid under protest, as taxes upon current submetered by the plaintiff. The case of *Olive Coat Co., Inc.*, v. *City of New York* (283 N. Y. 733) is distinguishable in that it involved Local Law No. 20 of 1938, which contained an express provision that the remedies provided for in said local law were to be exclusive. The holding of Mr. Justice WALTER in *Corporate Properties, Inc.*, v. *City of New York (supra)* is also distinguishable. The court's opinion in that case expressly stated that if " the taxing officials had said to plaintiff and its assignor in words or substance that they were subject to the tax and would be subjected to penalties unless they filed the return and paid the tax " it would hold that the payment was not voluntary but under duress in order to avoid penalties. The dismissal of the complaint for insufficiency was due solely to the fact that it contained no allegations that the city ever indicated to the taxpayer an intention to levy the tax upon it or to subject it to penalties for failure to pay the same. In the case at bar, however, the amended complaint alleges (¶ 22) that the taxes paid by the plaintiff were assessed

" pursuant to regulations theretofore issued by the Comptroller of the City of New York," and there is no denial of the statement in the moving affidavit in support of plaintiff's motion for summary judgment that the taxes were paid pursuant to a ruling of the comptroller that the plaintiff was liable to pay said taxes. It follows that the payments sought to be recovered must be regarded as having been made under duress in order to avoid penalties.

The contention of the city that the action is barred because not brought within one year after the payment of the taxes appears to be without merit. The one-year provision relates to and is applicable only to the remedy to obtain refunds provided for in the local laws. It having been held that these remedies are not exclusive and do not bar the maintenance of a common-law action to recover taxes illegally imposed, the one-year provision must be held inapplicable to such a common-law action

The parties have entered into a stipulation indicating that no protests accompanied certain specific returns and payments, and that all others were accompanied by written protests. The plaintiff is not entitled to recover taxes paid without protest. but the contrary is true as to those which were accompanied by protest.

Plaintiff's motion for summary judgment is granted to the extent of awarding partial summary judgment for the amounts paid under protest and denied as to the remainder of plaintiff's claim. Settle order.