GUZY REALTY Co., INC., Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, March 25, 1941.

*Kugel, Freidin & Deitz,* for the plaintiff.

*William C. Chanler, Corporation Counsel* [*Sol Charles Levine, Edmund B. Hennefeld* and *Raymond Herzog* of counsel], for the defendant.

PECORA, J. Plaintiff moved to strike out defendant's answer, and for judgment in its favor, under rule 113 of the Rules of Civil Practice, on the ground that there is no defense to this action. The defendant thereupon made a cross-motion, under section 476 of the Civil Practice Act and rules 112, 113 and 114 of the Rules of Civil Practice, for (1) judgment on the pleadings for lack of jurisdiction and for insufficiency of the complaint; and (2) for summary judgment dismissing the complaint.

The action is for money had and received. It is brought by a landlord, which submetered electricity to its tenants, to compel the city of New York to refund the amount of utility taxes paid monthly from February 28, 1935, to July 22, 1938, upon its submetering sales, under Local Law No. 20 (published as No. 21)

of 1934, Local Law No. 2 of 1935, Local Law No. 30 of 1936, and Local Law No. 23 of 1937. Plaintiff alleges that these payments of taxes were made " involuntarily and under protest and under duress and compulsion, pursuant to demand by defendant," and in order to avoid penalties for failure to make such payments.

On July 11, 1939, it was held by the Court of Appeals that the submetering receipts of landlords were not subject to the local utility tax laws above mentioned. (*Matter of 320 West 37th Street, Inc.,* v. *McGoldrick,* 281 N. Y. 132.) This action was undoubtedly instituted because of that decision.

The rule is well established that a taxpayer may not recover payments made by him, unless when the payments were made he called into question the legality of the demand for payment by some kind of protest. (*Goldberg* v. *City of New York,* 260 App. Div. 61, 63, 64; *People ex rel. Wessell, Nickel & Gross* v. *Craig,* 236 N. Y. 100, 104, 105.) In the case last cited Judge CARDOZO, writing for the court, distinguished the case of *Tripler* v. *Mayor* (125 N. Y. 617; 139 id. 1), by observing that in the *Tripler* case payment had been made without protest, whereas in the *Wessell* case (at p. 105), the relator's continued purpose to challenge the assessment was indicated by the fact that when the payments were made there was pending a certiorari proceeding which was deemed to be at least the equivalent of protest.

It is admitted that none of the specific payments made by plaintiff in the present action was accompanied by any written or oral protest. According to plaintiff's moving affidavits, the only evidence of " protest " relied upon by it consists of a conversation between one Moorehead, an officer of another corporation which was its submetering agent, and an unidentified person in the comptroller's office in charge of the so-called utility tax division. Moorehead avers that he expressed the opinion to such person that the utility tax was inapplicable to the plaintiff's submetering business, but that he was told that the comptroller had considered the matter generally and had issued a ruling holding that the tax did apply to landlords submetering electric current. This conversation is alleged to have occurred early in January, 1935. Thereupon the plaintiff, through Moorehead's company as agent, paid the monthly installments of these utility taxes for the years 1935, 1936, 1937 and down to July 1, 1938, without any further indication that it continued to question the legality of the tax. Under these circumstances, the municipal authorities had every right to believe that plaintiff acquiesced in the comptroller's ruling, and had abandoned any contrary view as to the applicability of the taxing statutes which it had theretofore entertained. There was nothing

to put the city on notice of the plaintiff's " continued purpose to challenge " the comptroller's ruling. (See *People ex rel. Wessell, Nickel & Gross* v. *Craig, supra*, p. 105.)

The defendant's cross-motion for summary judgment dismissing the complaint is granted. This determination renders it unnecessary to pass upon the other questions raised upon the cross-motion.