TITLE GUARANTEE & TRUST COMPANY, as Assignee Trustee of the Rents, etc., of the Premises of the Real Estate Board of New York Building Co., Inc., at 10-12-14 East 41st Street, New York City, Respondent, Appellant, *v.* THE CITY OF NEW YORK, Appellant, Respondent.

First Department, December 21, 1942.

*Harold J. Treanor* of counsel (*Hugh B. Archer* and *James W. Scott* with him on the brief), for respondent-appellant.

*Raymond Herzog* of counsel (*Sol Charles Levine* and *Edmund B. Hennefeld* with him on the brief; *William C. Chanler, Corporation Counsel*), for appellant-respondent.

*Per Curiam.* Concededly there are no issues of fact raised by the pleadings and affidavits. The first cause of action seeks recovery for thirty-four payments of submetering taxes paid without protest to the city pursuant to the New York City Utility Tax Law (Local Law No. 21, published as No. 22, of the City of New York, 1934 [Local Laws, 1934, p. 151]) and covering the months of January, 1935, to October, 1937, inclusive. The second cause of action demands a repayment of the last seven payments of the same tax made under written protest and covering the period from November, 1937, to May, 1938, inclusive.

The Court of Appeals has decided that the New York city utility tax did not impose a tax upon a submetering landlord situated like the plaintiff, as it is not a utility or person selling electricity within the meaning of the local law. (*Matter of 320 West 37th St., Inc.,* v. *McGoldrick,* 281 N. Y. 132.) For the recovery of tax payments mistakenly made, a taxpayer is not limited to the administrative remedies set forth in the local laws of the city of New York. Where made under written protest, the taxes erroneously paid may be recovered in a common-law action for money had and received. However, as to payments made voluntarily and without coercion or duress, there can be no recovery in such an action. (*Sloane Estates, Inc.,* v. *City*

*of New York,* 175 Misc. 674; affd., 262 App. Div. 722; affd., 287 N. Y. 818; *Goldberg* v. *City of New York,* 260 App. Div. 61; affd., 285 N. Y. 705.)

Plaintiff urges that the tax payments made without written protest are recoverable because they were made under duress. It asserts that the local laws and the Comptroller's regulations pursuant thereto constituted duress and coercion; that by the regulations the Comptroller indicated his intent to impose the tax on plaintiff and that a failure to pay would result in penalties, the issuance of a warrant or the filing of a lien against its property. We think that payments so made were not delivered under duress or coercion but were voluntarily made.

The seven payments made by plaintiff under written protest may be recovered with interest from the respective dates on which such separate amounts were paid by plaintiff to the city at the rate of six per cent per annum to July 1, 1939 (See General Municipal Law, § 3-a; Cons. Laws, ch. 24), and at the rate of four per cent thereafter. (*Sloane Estates, Inc.,* v. *City of New York, supra.*) As to all other payments, defendant is entitled to judgment dismissing the complaint.

The order denying defendant's cross-motion for judgment on the pleadings and for summary judgment, complete or partial, should be modified by granting the motion for summary judgment as to the thirty-four unprotested payments totalling $415.08, which are the subject of the first cause of action. The order denying plaintiff's motion for summary judgment should be modified by granting the motion as to the seven protested payments amounting to $38.06, which are the subject of the second cause of action, together with interest. As so modified, the orders appealed from should be affirmed without costs.

Present — MARTIN, P. J., TOWNLEY, UNTERMYER, COHN and CALLAHAN, JJ.

Order denying defendant's cross-motion for judgment on the pleadings and for summary judgment, complete or partial, unanimously modified by granting the motion for summary judgment as to the thirty-four unprotested payments totalling $415.08, which are the subject of the first cause of action. Order, denying plaintiff's motion for summary judgment unanimously modified by granting the motion as to the seven protested payments amounting to $38.06, which are the subject of the second cause of action, together with interest. As so modified, the orders appealed from are affirmed without costs.

Settle order on notice.