UNITED STATES ENVELOPE COMPANY, Respondent, *v.* CITY OF NEW YORK et al., Appellants.

First Department, October 9, 1956.

*Stanley Buchsbaum* of counsel (*Morris L. Heath* with him on the brief; *Peter Campbell Brown, Corporation Counsel,* attorney), for appellants.

*Almet R. Latson* of counsel (*William T. Condon* with him on the brief; *Latson & Tamblyn,* attorneys), for respondent.

BOTEIN, J.   Plaintiff, a foreign corporation doing business exclusively in interstate commerce, has secured a judgment after trial at Special Term, declaring that it is not subject to the New York City General Business and Financial Tax on the ground that the local laws empowering the city to levy such taxes are void and unconstitutional in their attempted application to the plaintiff.   In the trial of the same action plaintiff also sought and recovered damages for the tax payments made in certain years, allegedly under duress and mistake of law and fact.   The city conceded before trial that it was unconstitutional to impose the tax on plaintiff, so that there is only involved the issue as to whether the tax payments for the years in question are recoverable.   These payments were not made under protest; and since absence of protest may be considered as evidence that the payments were made voluntarily, plaintiff sought to overcome such evidence by proof that the tax payments in issue were obtained through duress and coercion (*Goldberg* v. *City of New York,* 260 App. Div. 61; *Title Guar. & Trust Co.* v. *City of New York,* 265 App. Div. 304).

The duress claimed by plaintiff was allegedly exerted during a conference held on March 18, 1941, attended by plaintiff's

attorneys and a conferee from the city comptroller's office. In this conference plaintiff, through two experienced attorneys, argued that it was not subject to the taxes the city sought to impose. The city's representative asserted forcefully that if the taxpayer resisted payment of the taxes, the city would litigate the matter to the Supreme Court of the United States, if necessary; and if protests were filed, would subject plaintiff to extensive audits. Under no view can these so-called threats uttered by the city's representative constitute duress or coercion.

Plaintiff did not yield to the alleged threats, but continued to argue its position at a later date before another and higher official of the comptroller's office, who concededly made no threats of any kind. At this later conference plaintiff decided to close the matter by signing a consent and waiver reducing the penalties in the assessment to simple interest. No further threats were made, yet for 12 years more plaintiff continued to make tax payments, at no time under protest. Plaintiff states that it decided to pay without protest because the cost of litigation was grossly out of proportion to the amount of taxes involved. Concededly there was no financial stringency impelling this decision, nor were there dire consequences to apprehend if plaintiff had contested the tax levies, as it is a corporation with assets aggregating many millions of dollars.

The so-called threats were nothing more than an ultimatum that the city would insist on pursuing its legal rights; and in this setting and in these circumstances do not establish duress (*Avey* v. *Town of Brant,* 263 N. Y. 320; *Dunham* v. *Griswold,* 100 N. Y. 224; *Oleet* v. *Pennsylvania Exch. Bank,* 285 App. Div. 411). While plaintiff's reluctance to litigate this matter to the Supreme Court might be understandable in the light of the relatively small amounts involved, it could still have protected its position merely by making the payments under protest.

But plaintiff also argues that the taxes were demanded, paid and received under a mutual mistake of law and are recoverable in a plenary suit. In this contention, first raised on appeal, it relies on our recent decision in *Mercury Mach. Importing Corp.* v. *City of New York* (1 A D 2d 337) which case was decided after the entry of judgment in the instant case. In the *Mercury* case this court held that since the enactment of section 112-f of the Civil Practice Act, a tax payment made under mistake of law without protest may be recovered in a plenary suit. However, we took pains in that case to distinguish it from those cases in which " the payments in dispute were made voluntarily and knowledgeably " (p. 342).

346

Plaintiff contends that both it and the city were mistaken in their assumptions as to the law. No one knew the law applicable to plaintiff's tax situation, it argues, until the conclusion of the litigation in *Matter of United Piece Dye Works* v. *Joseph* (282 App. Div. 60, affd. 307 N. Y. 780, cert. denied 348 U. S. 916). Soon after the announcement of the *United Piece Dye Works* decision plaintiff commenced the instant action.

Plaintiff paid these taxes with full knowledge of all the law that had been enunciated at that time. In fact, it presented the very arguments that eventually prevailed in the *United Piece Dye Works* case. Plaintiff was fully aware that it had substantial grounds for contesting the assessments, but made a business decision not to do so. It paid the taxes, year after year, of its own volition and without protest. With ample knowledge of the vulnerability of the city's claim and of its right to resist it, plaintiff chose nevertheless to pay the taxes without protest and thereby relinquished voluntarily rights of which it was fully aware.

The judgment appealed from should be modified by striking out paragraph 5 thereof — the paragraph that provides for a money judgment — and otherwise affirmed.

PECK, P. J., RABIN, Cox and VALENTE, JJ., concur.

Judgment unanimously modified by striking out paragraph 5 thereof — the paragraph that provides for a money judgment — and otherwise affirmed. Settle order on notice.