THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* SAMUEL WOLF, Respondent.

*Crimes — abandonment of children — indictment charging defendant with abandonment of child of which he was father properly dismissed upon ground defendant was not legally married to mother of child.*

*People* v. *Wolf,* 216 App. Div. 771, affirmed.

(Argued June 1, 1926; decided July 9, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 26, 1926, which reversed a judgment of the Kings County Court, rendered upon a verdict convicting the defendant of the crime of abandonment of children and dismissed the indictment. The defendant was indicted under section 480 of the Penal Law, upon the ground that being the father of a child two months old, he abandoned such child. The proof showed that defendant was not legally married to the mother of the child. The Appellate Division held that section 480 applied only to the father of a legitimate child not to a putative father.

*Charles J. Dodd, District Attorney (Henry J. Walsh* of counsel), for appellant.

*Myron S. Yochelson* for respondent.

Judgment affirmed; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: POUND, J.

———————

THE AMERICAN DISTRICT TELEGRAPH COMPANY, Respondent, *v.* THE CITY OF NEW YORK et al., Appellants, Impleaded with Another.

*New York city — duress — action to cancel franchise and recover securities deposited and money paid on ground of duress.*

*American District Telegraph Co.* v. *City of New York,* 213 App. Div. 578, affirmed.

(Argued June 1, 1926; decided July 9, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial

department, entered August 4, 1925, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term. The action was commenced to cancel a franchise granted to plaintiff on February 20, 1913, by the city of New York, through its board of estimate and apportionment, and accepted by it; to recover stock deposited with the city as security for the performance of the terms of said franchise; and to recover $75,000 with interest, paid by plaintiff to the said city between March 9, 1913, and October 29, 1918, under the terms of said franchise, on the ground that the franchise was accepted, the stock deposited and the money paid under duress.

*George P. Nicholson, Corporation Counsel (Vincent Victory* of counsel), for appellants.

*Edward L. Blackman* and *Charles T. Russell* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, CRANE, ANDREWS and LEHMAN, JJ. Absent: POUND J. Not voting: McLAUGHLIN, J.

IRENE A. MEANEY, Respondent, *v.* WILLIAM P. MEANEY, Appellant.

*Duress — husband and wife — action by wife to set aside deed alleged to have been obtained by husband through undue influence and duress.*

*Meaney* v. *Meaney,* 213 App. Div. 756, affirmed.

(Argued June 1, 1926; decided July 9, 1926.)

APPEAL from a judgment entered October 30, 1925, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term, and directing judgment in favor of plaintiff. The action, wife against husband, was to set aside a deed by the terms of which plaintiff conveyed to defendant an interest in real property. It was alleged that plaintiff's signature to the deed was obtained through undue influence and coer-