Van Voorhis, J.
Each of these three appeals involves the right of taxpayers to reimbursement on account of taxes illegally levied under the New York City General Business and Financial Tax Law. This local law has been held to be unconstitutional when applied to interstate business (Matter of United Piece Dye Works v. Gerosa, 282 App. Div. 60, affd. 307 N. Y. 780, cert. denied 348 U. S. 916 [1955]). The city objects to refunding the money on the principal ground that these taxes were paid without protest. Voluntary payments *425 cannot be recovered. Payment under protest is an indication that a tax is not paid voluntarily. Protest is not necessary to dispel the implication of voluntariness in event of duress, where present liberty of person or immediate possession of needful goods is threatened by nonpayment of the money exacted (Peyser v. Mayor of City of N. Y., 70 N. Y. 497; Adrico Realty Corp. v. City of New York, 250 N. Y. 29). Payment after a tax has become a lien ‘ ‘ is not voluntary, for the menace of the lien with penalties added for delay * * * has the effect of rendering it compulsory” (People ex rel. Wessell, Nickel & Gross v. Craig, 236 N. Y. 100, 104, and cases cited). In the present instance, this tax had not become a lien, and neither liberty of the person nor immediate possession of needful goods was threatened when these payments were made. Plaintiffs were not under any recognized form of duress (Tripler v. Mayor of City of N. Y., 125 N. Y. 617, 626-627), consequently lack of protest is not excused on that ground (Title Guar. & Trust Co. v. City of New York, 265 App. Div. 304, affd. 290 N. Y. 910; Sloane Estates v. City of New York, 175 Misc. 674, affd. 262 App. Div. 722, affd. 287 N. Y. 818).
It remains to be considered whether protest may be excused upon the basis that these taxes were paid under mistake of law. It is not claimed that there was any mistake of fact. Recovery may be had without protest where the tax has been paid due to material mistake of fact (Adrico Realty Corp. v. City of New York, supra). The court was careful in deciding that case to limit the effect of the decision by stating: “ The principle is well established that a voluntary payment of a tax made under a mistake of law, but with a full knowledge of all the facts, cannot be recovered ” (p. 32, citing Matter of Village of Delhi, 201 N. Y. 408).
The Appellate Division held in the Mercury case, now on appeal, that the distinction between mistakes of law and mistakes of fact was abolished by the enactment in 1942 of section 112-f of the Civil Practice Act, which states: “ When relief against mistake is sought in an action or proceeding or by way of defense or counterclaim, relief shall not be denied merely because the mistake is one of law rather than one of fact.”
The Appellate Division held that this section now places mistakes of law on an equality with mistakes of fact, and commented: “ No exception is made for tax payments sought to be recovered for a mistake of law.”
*426 Under this reasoning, the Appellate Division ordered these taxes to be refunded in the Mercury case, holding that Mercury was mistaken concerning the law, but denied refunds in the Berkshire Knitting Mills and United States Envelope cases upon the ground that their tax payments “ were made voluntarily and knowledgeably ’ \
We thus reach the decisive question. Voluntary payments cannot be recovered. These payments were voluntary (not being under duress) unless rendered involuntary as a consequence of having been made under mistake of law. The Appellate Division has held that a mistake of law causing payment of a tax is now equivalent to a mistake of fact, and that it renders tax payments involuntary even in the absence of protest. It further held that one of these plaintiffs was mistaken concerning the law applicable to its tax payments, but that the other two plaintiffs were not mistaken. Accordingly judgment has gone in favor of one plaintiff, and against the other two plaintiffs.
Regardless of whether some or all of these plaintiffs anticipated or failed to anticipate the decision in Matter of United Piece Dye Works v. Gerosa (282 App. Div. 60, affd. 307 N. Y. 780, cert. denied 348 U. S. 916, supra), we think that the Appellate Division erred in holding that section 112-f of the Civil Practice Act requires refunding of taxes on the ground of mistake of law in instances such as the present, where there has been neither protest nor duress. Under established traditional rules, which have been previously discussed, duress was not present in any of these cases. The practical reason for holding payments of illegal taxes without protest to be voluntary, in instances other than duress or mistake of fact, stems from problems of municipal finance. Where protest has been interposed, the municipality is notified that it may be obliged to refund the taxes and is required to be prepared to meet that contingency. If no protest has been lodged, it is generally assumed that taxes paid can be retained to meet authorized public expenditures, and financial provision is not made for contingent refunds. Such amounts may be considerable in case of highly productive taxes, paid without protest, that are eventually held to have been levied illegally. That is the basic reason for the long-standing rule that taxes .paid without protest cannot be recovered merely for mistake of *427 law (Adrico Realty Corp. v. City of New York, supra; 5 Williston on Contracts, § 1582; Field: The Recovery of Illegal and Unconstitutional Taxes, 45 Harv. L. Rev. 501, 516).
In this context, it is important to note that section 112-f of the Civil Practice Act, introducing relief against mistakes of law, is not drafted in such manner as to place mistakes of law in all respects upon a parity with mistakes of fact. It contains no reference to tax law. It removes technical objections in instances where recoveries can otherwise be justified by analogy with mistakes of fact. It says that ‘ ‘ When relief against mistake is sought in an action or proceeding or by way of defense or counterclaim, relief shall not be denied merely because the mistake is one of law rather than one of fact.” A note printed upon the Senate and Assembly bills which were before the legislators when this section was enacted in 1942 quotes this phraseology, and adds: “ Its purpose is not to grant relief in every case of mistake of law or to make the same rules applicable as in the case of mistake of fact. It does afford to the court, however, the power to act in appropriate cases involving a mistake of law ’ ’ (see annotation under Civ. Prac. Act, § 112-f [Gilbert-Bliss ed.]).
The statute goes no farther than to state that when relief against mistake is sought, it shall not be denied merely because the mistake is one of law rather than one of fact. The court is empowered to act only in appropriate cases involving a mistake of law. This language in no manner inhibits a decision against recovery of illegal taxes paid without protest, merely for the reason that the taxpayer was mistaken in his understanding of the law when he paid his tax. This statement does not apply, of course, where a statutory procedure has been provided for the recovery of taxes erroneously paid, containing different provisions.
It is significant that in the report of the Law Revision Commission on which section 112-f was adopted (1942 Report of N. Y. Law Rev. Comm., pp. 27-67, comprising N. Y. Legis. Doc., 1942, No. 65 [B]), it was recommended that New York adopt by statute the rule of Connecticut and Kentucky relative to mistakes of law (p. 54 et seq.). When one examines the decisions of the courts of last resort in Connecticut and Kentucky, it appears that notwithstanding the general policy of those States in giving effect to mistakes of law, an exception is made where *428 a taxpayer sues to recover taxes erroneously paid for that reason. In those very States refund of taxes on this ground is denied (Morris v. City of New Haven, 78 Conn. 673; Verran co. v. Stamford, 108 Conn. 47; Pitt v. Stamford, 117 Conn. 388; Louisville & Nashville R. R. Co. v. Hopkins County, 87 Ky. 605; Coleman v. Inland Gas Corp., 231 Ky. 637; Ziedman & Pollie v. City of Ashland, 244 Ky. 279; River Excursion Co. v. City of Louisville, 244 Ky. 811; Great Atlantic & Pacific Tea Co. v. City of Lexington, 256 Ky. 595). In the latter three cases the taxpayer was permitted to recover on the ground that the tax had been paid under duress or compulsion, but in each the court referred to the exception of taxes from the Kentucky rule that there may be a recovery of payments made under mistake of law. In the Great Atlantic & Pacific Tea Co. case the court explained the reasons for this exception by saying (pp. 598-599): “On the other hand, this court is committed to the doctrine, at least as related to the commonwealth, that those equitable rules may not be invoked to compel a refund of taxes voluntarily paid to an officer of the law charged with the duty of collecting the tax. This, it may be said, is because the duty to pay taxes does not arise out of contract but out of an obligation resting upon every citizen to contribute to the support of the government to which he owes allegiance. Since the government’s revenue is allocated to different funds, usually to be used during the current year, unless it shall have been made to know at the time payment was made that the taxpayer would insist upon a refund if adjudged entitled to it, the money will not be permitted to be withdrawn and the government’s finances thereby disrupted, to the detriment of the people. There should be a sense of security in the economic program. ’ ’
This distinction and the reasons for it are drawn more specifically in City of Louisville v. Becker (139 Ky. 17).
Williston on Contracts (Vol. 5, § 1582, pp. 4418-4419) remarks that the distinction between mistakes of law and fact “ seems also wholly abolished by the Civil Code of California, the provisions of which have been copied in Montana, North Dakota, Oklahoma, and South Dakota.” Nevertheless after the adoption of the Civil Code of California, the courts in several of those States have denied recovery of taxes paid without protest under an unconstitutional or otherwise illegal statute (Wingerter v. San Francisco, 134 Cal. 547; Southern Service Co. v. *429 Los Angeles County, 15 Cal. 2d 1; Louisville Realty Co. v. City of McAlester, 25 Okla. 726; Johnson v. Grady County, 50 Okla. 188).
When the exigencies of public finance are considered, differing in some respects from private transactions, against the background of the traditional rule that taxes cannot be recovered for mistake of law in the absence of duress or of protest, we have concluded to follow the decisions in the States of Connecticut and Kentucky which early recognized mistakes of law as affording ground for relief in certain cases between private parties, but, nevertheless, like other States, denied it in the case of tax refunds, in the absence of duress, where protest has not been lodged. Such a holding involves no departure from section 112-f of the Civil Practice Act, the language of which does not require that mistakes of law shall be treated in all instances as though they were mistakes of fact, but merely removes a technical obstacle against granting relief for mistake of law in any kind of a case. The courts may now grant relief for mistakes of law which are otherwise analogous to mistakes of fact. Mistakes of law sometimes differ from mistakes of fact, especially in instances where no clearly defined law has been established concerning the matter in suit. Here the Appellate Division held, in effect, that Berkshire Knitting Mills and United States Envelope Company knew the law insofar as that was possible before the United Piece Bye Worhs decision, when they decided not to protest, consequently they could not obtain relief for mistake of law, whereas Mercury was seemingly less sophisticated and therefore entitled to recover without protest due to having been mistaken regarding the law. These distinctions are not sound. The decision in the United Piece Bye Worhs case could not have been foretold with certainty, however astute legal counsel may have been. Even the best informed of these corporations did not pay these taxes as a gracious gesture; they were paid for the reason that there was real uncertainty whether the taxes as applied to their businesses would be upheld in the courts. A payment made in ignorance of the law (as all payments were before the decision in United Piece Bye Works) might, in one sense, be said to be as much under a mistake of law as a payment made in ignorance of a fact would be under a mistake of fact provided that the payment would not have been made if the fact had been known. *430 Nevertheless it would not do to permit parties to avoid completed transactions whenever the courts overturned an old rule of law, or made a new rule in a later case of first impression, which might have affected the transaction if it had preceded it. There can be no recovery in any field due to ignorance of the law governing a transaction entered into at a time when there was no statute or authoritative court decision in existence upon the point involved. We place our decision of these appeals, however,' upon the further ground that recovery of taxes paid without protest does not come within the legislative intent in enacting section 112-f of the Civil Practice Act. Taxes cannot be recovered, in such instances, except pursuant to some statutory procedure authorizing recovery.
We agree with the Appellate Division that the city is powerless under the City Home Rule Law to impose conditions or limitations upon the maintenance of plenary actions in court to set aside or to recover taxes levied without jurisdiction. Nevertheless the requirement of protest in instances such as the present has been established by the courts themselves.
The judgments are affirmed in the United States Envelope Company and Berkshire Knitting Mills cases, and the order of the Appellate Division in the Mercury Machine Importing Corp. case is reversed and the judgment of Special Term reinstated; the first certified question in the latter case being-answered in the negative, and the second certified question not answered.