Vah Voobhis, J.
 

 This controversy concerns the right of several hundred electricians to recover excess money paid- to the City of New York during the years 1954 through 1959. During
 
 *148
 
 this period license fees were charged ranging from $100 to $250, which were held in
 
 Adlerstein
 
 v.
 
 City of New York
 
 (6 N Y 2d 740) to be so excessive as to be unconstitutional as bearing no reasonable relationship to the costs of the services involved in issuing the licenses. In the present action they have been granted recoveries representing the excess over $25 apiece (the correct fee amount) which the city contends to be erroneous for the reasons that these license payments were not made under protest nor, as the city contends, under compulsion and duress. It is not claimed that they were made under protest. Plaintiffs have judgment on the pleadings, it having been held that the payments were made under duress as matter of law and that consequently protest was not required. The payments were held to be involuntary since, in the language of Special Term, failure to make them would have required plaintiffs ‘1 to discontinue the conduct of their business and this alone is sufficient to support a conclusion of law that the payments were made under duress
 

 Both sides cite
 
 Mercury Mach. Importing Corp.
 
 v.
 
 City of New York
 
 (3 N Y 2d 418). Recovery of taxes illegally levied was there denied which were paid without protest and not under duress. They were held to have been voluntary payments. In
 
 Title Guar. & Trust Co.
 
 v.
 
 City of New York
 
 (265 App. Div. 304, 306, affd. 290 N. Y. 910) it was held that payments of illegal taxes could be recovered which had been made under protest but under pressure deemed to fall short of what was conventionally regarded as duress. However that may be, in the
 
 Mercury
 
 case it was intimated that protest is not required to recover payments that have been made under duress citing
 
 Peyser
 
 v.
 
 Mayor of City of N. Y.
 
 (70 N. Y. 497) as explained in
 
 Adrico Realty Corp.
 
 v.
 
 City of New York
 
 (250 N. Y. 29). Here, as there, the official action was regular on its face, and only by extrinsic facts was its unconstitutionality disclosed. Under such circumstances formal protest was held to be unnecessary in the
 
 Peyser
 
 case in the presence of duress. In
 
 Kamenitsky
 
 v.
 
 Corcoran
 
 (177 App. Div. 605, 609) it was said in an opinion by Sheakn, J., that payments could be recovered if made under compulsion or, failing this, if they were made under protest. This appears to be the tendency of the court decisions notwithstanding
 
 Sloane Estates
 
 v.
 
 City of New York
 
 (175 Misc. 674, affd. 262 App. Div. 722, affd. 287 N. Y. 818). Protest was held to be unnecessary to recover
 
 *149
 
 payments made under duress in
 
 Whyte
 
 v.
 
 State
 
 (110 Cal. App. 314);
 
 State
 
 v.
 
 Akin Prods. Co.
 
 (155 Tex. 348), and
 
 Union Bag & Paper Corp.
 
 v.
 
 State
 
 (160 Wash. 538). In
 
 Johnson
 
 v.
 
 Grand Forks County
 
 (16 N. D. 363) protest was not required in order to recover money paid pursuant to an illegal statute or ordinance. ‘ ‘ If such compulsion exists, and the payment is made and known to be made under the influence of it, the absence of a formal protest cannot defeat the recovery.” (45 Am. Dec. 145, 163 [Ann. to
 
 Mayor of Baltimore
 
 v.
 
 Lefferman,
 
 4 Grill (Md.) 425].) No formal protest was made in
 
 American Dist. Tel. Co.
 
 v.
 
 City of New York
 
 (213 App. Div. 578, affd. 243 N. Y. 565), where a new franchise agreement was made and payments made thereunder. The claimant in that case contended throughout, to be sure, that it was entitled to the same benefits under an earlier franchise agreement, which was later held to be true, but except for that it made and paid under the new franchise agreement without protest.
 

 We agree with Special Term and the Appellate Division that under the circumstances of this case protest was not required in view of the compulsory nature of the payment of these exorbitant license fees. We are aware of the repeated reference in the cases to duress existing “ where present liberty of person or immediate possession of needful goods is threatened by nonpayment of the money exacted ”
 
 (Mercury Mach. Importing Corp.
 
 v.
 
 City of New York, supra,
 
 p. 425;
 
 Peyser
 
 v.
 
 Mayor of City of N. Y.,
 
 supra) as well as the statement in
 
 Adrico Realty Corp.
 
 v.
 
 City of New York (supra)
 
 that this formula yields to the reason of other situations (250 N. Y. 29, 33). Here we are not dealing with an illegal tax or impost to redress which some other remedy was available (e.g.
 
 Mercury Mach. Importing Corp.
 
 v.
 
 City of New York, supra; People
 
 v.
 
 Wilmerding,
 
 136 N. Y. 363, 374), but these electricians were placed in a situation where their only alternative was to submit to an illegal exaction or discontinue their businesses
 
 (Swift Co.
 
 v.
 
 United States,
 
 111 U. S. 22, 28). They were not allowed to operate without licenses, nor could their licenses be renewed except by payment of excessive fees. To be sure, the invalidity of this exaction was determined by declaratory judgment in the
 
 Adler stein
 
 case
 
 (supra),
 
 but unless they had paid the excessive fees required for their licenses to do business they would have
 
 *150
 
 been prevented from earning a livelihood while that litigation was pending. The right to earn one’s living and to engage in business is fundamental and its protection is necessary to the interests of society
 
 (Defiance Milk Prods. Co.
 
 v.
 
 Du Mond,
 
 309 N. Y. 537, 541;
 
 Bertholf
 
 v.
 
 O’Reilly,
 
 74 N. Y. 509, 515). Undue interference with the conduct of a business or occupation through an obstructive use of the licensing power has been held to constitute duress
 
 (American Dist. Tel. Co.
 
 v.
 
 City of New York,
 
 213 App. Div. 578, affd. 243 N. Y. 565,
 
 supra).
 
 The opinion of the Appellate Division in the case last cited, by Mr. Justice Francis Martin, cites many authorities on what constitutes duress in imposing obstacles upon the right to do business. The excessive license fees imposed on these plaintiffs as a condition of their rights to pursue their occupation was an invasion of
 
 “
 
 present liberty of person ”
 
 (Mercury Mach. Importing Corp.
 
 v.
 
 City of New York,
 
 supra;
 
 Tripler
 
 v.
 
 Mayor of City of N. Y.,
 
 125
 
 N.
 
 Y. 617, 626-627;
 
 Peyser
 
 v.
 
 Mayor of City of N. Y., supra).
 
 This form of duress is akin to the ‘ ‘ business compulsion ’ ’ rule under which recovery may be had in some jurisdictions if it is established that by reason of peculiar facts a reasonably prudent man finds that in order to preserve his property or protect his business interests it is necessary to make a payment of money which he does not owe and which in equity and good conscience the receiver should not retain (40 Am. Jur., Payment, §§ 171-172, p. 831; 17A Am. Jur., Duress and Undue Influence, § 7, p. 564;
 
 Sneed
 
 v.
 
 Shaffer Oil & Refining Co.,
 
 35 F. 2d 21;
 
 Flynn
 
 v.
 
 San Francisco,
 
 18 Cal. 2d 210;
 
 State
 
 v.
 
 Akin Prods. Co.,
 
 155 Tex. 348,
 
 supra; Crow
 
 v.
 
 City of Corpus Christi,
 
 146 Tex. 558;
 
 Union Bag & Paper Corp.
 
 v.
 
 State,
 
 160 Wash. 538,
 
 supra).
 
 In the cases cited the duress consisted, not in the mere levying of an illegal tax, to redress which other remedies are available than the payment of the money, but in the circumstance that the persons or corporations involved were wholly or partly prevented from engaging in business unless the illegal exactions were paid. That distinguishes the present appeal from the
 
 Mercury
 
 case as well as from
 
 Riverdale Country School
 
 v.
 
 City of New York
 
 (13 A D 2d 103, affd. 11 N Y 2d 741). The
 
 American Dist. Tel. Co.
 
 case
 
 (supra)
 
 is controlling, and recovery is likewise supported by
 
 Buckley
 
 v.
 
 Mayor of City of N. Y.
 
 (30 App. Div. 463, affd. 159 N. Y. 558) and
 
 Gaar Scott & Co.
 
 v.
 
 Shannon
 
 (223 U. S. 468).
 

 
 *151
 
 Anything to the contrary in
 
 Maguire
 
 v.
 
 State of New York
 
 (247 App. Div. 698, affd. 273 N. Y. 665) or
 
 Sloane Estates
 
 v.
 
 City of New York
 
 (175 Misc. 674, affd. 262 App. Div. 722, affd. 287 N. Y. 818,
 
 supra)
 
 should be deemed to be overruled.
 

 The judgment appealed from should be affirmed, with costs.
 

 Chief Judge Desmond and Judges Dye, Fuld, Froessel, Burke and Foster concur.
 

 Judgment affirmed.