Marshall E. Livingston, J.
This is a motion for partial summary judgment in the amount of $30,000, representing three annual payments made by the plaintiff, Cable Television of Rochester, Inc. (CTVR), to the City of Rochester (City), pursuant to the provision of City Ordinance 69-597, which granted a "nonexclusive license” to CTVR to operate and maintain a cable television system in Rochester, New York.
Shortly after the ordinance was enacted on December 30, 1969, an action was commenced by People’s Cable Corp. (People’s) in Supreme Court, Monroe County, against the parties to this lawsuit, alleging the invalidity of Ordinance 69-597 for failure to comply with section 5-24 of the Rochester *588 City Charter (L 1907, ch 755, as amd by Local Law No. 4, 1925) and other applicable statutes.
After a trial, it was held in substance (see People’s Cable Corp. v City of Rochester, 70 Misc 2d 763, 774) that the ordinance adopted by the city council granting a nonexclusive license to CTVR was a franchise which did not comply with section 5-24 of the city charter and was, therefore, invalid.
Section 5-24 of the city charter provides for the granting of franchises and states in part: "An ordinance authorizing any franchise must be passed by a vote of three-fourths of all the members of the council and must provide for a disposition of the same at public auction to the highest bidder, under proper regulations for the protection of the city and after public notice to be published once each week for three weeks in the official papers.”
Ordinance 69-597 was adopted by a 5 to 4 vote of the council, thus falling short of the three-fourths vote required by section 5-24. The point was that the City and CTVR claimed that the ordinance granted a nonexclusive license to CTVR, and thus compliance with section 5-24 was not required, while People’s claimed the ordinance in fact granted a franchise to use the City streets and thus required the approval of three-fourths of all the members of the council, among other things.
The Appellate Division affirmed unanimously (41 AD2d 585) on Special Term’s opinion and on April 5,1973 denied leave to appeal to the Court of Appeals. On May 31, 1973 the Court of Appeals (32 NY2d 613) denied CTVR’s motion for leave to appeal to said court, thus terminating the matter on Mr. Justice Ark’s opinion (People’s Cable Corp. v City of Rochester, supra).
CTVR now seeks damages against the City for passing an invalid ordinance and to recoup the $30,000 paid to the City, with interest. CTVR’s position is that the transaction between it and the City was the granting and accepting of a franchise, not a license; that a franchise is a contract (Trustees of Southampton v Jessup, 162 NY 122), and that the extra $10,000 payments were invalid because they were without consideration, and therefore, plaintiff is entitled to be reimbursed.
The City, however, says the payments made by CTVR were voluntarily made and supported by adequate consideration. In answer to CTVR, the City says it is irrelevant to argue a *589 franchise is a contract because the law of this case is that Ordinance 69-597 did not comply with section 5-24 of the city charter, and thus no contract ever came into being.
The crux of this matter, as I see it, was whether or not CTVR made the $10,000 payments voluntarily or under duress. Payments made voluntarily cannot be recovered (Mercury Mach. Importing Corp. v City of New York, 3 NY2d 418, 426; 9 McQuillan, Municipal Corporations [3d ed rev], pp 213-215).
It strains my credulity to assess the picture here and hold that CTVR made the payments under duress. The undisputed facts are that People’s was battling CTVR for this "license” in the bidding that came about among the competitors before the council. The City was a bystander and exercised no duress, compulsion or "whip-cracking” whatever. This case is entirely distinguishable from Jenad v Village of Scarsdale (23 AD2d 784); Five Boro Elec. Assn. v City of New York (12 NY2d 146), and American Dist. Tel. Co. v City of New York (213 App Div 578, affd 243 NY 565).
People’s actually originally offered to pay 5 per cent of their gross or a minimum of $10,000 per year for their "franchise”. But the council, when it passed Ordinance 69-597, awarded a "license” to CTVR for 4 per cent of its gross, or a minimum of $10,000 per year. People’s promptly commenced its action (People’s Cable Corp. v City of Rochester, 70 Misc 2d 763, supra) to declare the licensing ordinance invalid and was successful.
Now comes CTVR, who, with the City, defended the "licensing ordinance” to the hilt, and asserts that the ordinance being invalid, therefore, the mere suit by People’s lends the status of duress by the City to the payments made by CTVR under the doctrine of Jenad v Village of Scarsdale (supra); Five Boro Elec. Assn. v City of New York (supra) and American Dist. Tel. Co. v City of New York (supra).
This cannot be so. There is, in my opinion, no showing whatsoever of duress, payment under protest or the other elements required to permit an aggrieved licensee, franchise holder, or taxpayer to recoup fees as the result of an illegal ordinance (cf. Mercury Mach. Importing Corp. v City of New York, supra).
The motion for partial summary judgment is denied, and the defendant City is granted a partial summary judgment *590 dismissing plaintiffs cause of action for unjust enrichment on its second cause of action.