■ In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property for Public School 69 and Intermediate School 72, in the Borough of Richmond. KLONDIKE REALTY CORP. et al., Appellants. — In a condemnation proceeding, the claimants, Klondike Realty Corp. and Great Universal Development Company, Inc., appeal from a second separate and partial final decree of the Supreme Court, Richmond County, dated June 1, 1977, that made "no award" to them for the property condemned. Decree affirmed, with costs. The decree under review directed, *inter alia,* that no award be made on the property condemned. The basis of that determination was that Richmond Klondike Company (for whom Klondike Realty Corp. is a nominee) had agreed in writing on May 8, 1967 to "cede to the City a tract of land comprising a minimum of three acres in extent for the future construction of a public school on a site acceptable to the City. If the City fails to accept this site for such purpose within five years, said property will revert to the owner." The agreement was made pursuant to a resolution of the board of estimate to the same effect. The resolution conditioned the grant of a special use permit for a sewage treatment plant, in the area being developed with about 1,800 new homes by the Richmond Klondike Company, the joint venture formed by Gerald Wolkoff and a subsidiary of Great Universal Development Company, the mortgagee, upon the express condition that the developers cede three acres for a school site. The school site was selected by the site selection board by resolution on June 21, 1971, and the maps of the site to be condemned were filed on September 9, 1971. Claimants now attack, *inter alia,* the validity of the agreement and the power of the board of estimate to have imposed such a condition. Claimants are estopped. Having had the benefit of the contract, claimants may not now question its validity, for the agreement in no way contravenes public policy (see *Mayor v Sonneborn*, 113 NY 423; accord *City of New York v Delli Paoli*, 202 NY 18; *City of Buffalo v Balcom*, 134 NY

532; *Belmont Homes v Kreutzer*, 6 AD2d 697, affd 6 NY2d 800). When claimants wanted the sewage plant, they were not opposed to having a permit therefor conditioned upon a donation of acreage for a school site. They may not now be heard to claim coercion, duress or other illegality. Their time to do so was when the condition was imposed (cf. *Matter of City of New York [Triborough Bridge]*, 159 Misc 617, affd 257 App Div 940, mot for lv to app den 282 NY 808). As to claimants' other contentions, the trial court was within its jurisdiction in determining damages (see Administrative Code of City of New York, § B15-21.0, subd b) to look at the theretofore unchallenged resolution and contract and, on the basis of the lack of prior challenge, hold them to be the measure of the value of the property. Finally, claimants' own counsel, Mr. Avrom Waxman, responded affirmatively to the question whether Great Universal Development Company had knowledge of the agreement made between the city, Richmond Klondike Company and Staten Sanitation Corp. The trial court did not err, therefore, in imputing knowledge of and consent to the agreement to cede the three-acre school site to Great Universal Development Company, which, as mortgagee, was an integral part of the joint venture concerned with the development of the housing project and the construction of an appurtenant sewage treatment plant and it may not now claim that its rights have been impaired. Its interest in furthering the development, coupled with the showing that it had knowledge of the entire transaction involving the agreement with the city, now estops it from attacking the agreement in light of the fact that it remained passive through all these years, accepted its benefits and never challenged the agreement by appropriate legal proceedings. Lazer, J.P., Mangano, Gibbons and Gulotta, JJ., concur.