■ In the Matter of WILDLIFE ASSOCIATES, Respondent, v TOWN BOARD OF THE TOWN OF SOUTHAMPTON et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel the respondents to audit the petitioner's claim for an engi-

neering review fee refund, the Town Board of the Town of Southampton and the Planning Board of the Town of Southampton appeal from a judgment of the Supreme Court, Suffolk County (Doyle, J.), dated December 9, 1986, which denied their motion to dismiss the petition and granted the petition.

Ordered that the judgment is affirmed, with costs.

The petitioner was charged an engineering review fee of almost $57,000 in connection with its application to subdivide a 193-acre parcel of property. The petitioner paid the fee in two payments, the more recent on October 9, 1984. Thereafter, the petitioner learned that only about $8,700 was spent in connection with his application. Consequently, in July 1985, pursuant to sections 118 and 119 of the Town Law, the petitioner presented a claim voucher and demand for an audit to the Town Board, seeking recovery of the unexpended portion of the engineering review fee. By notice of petition and petition dated January 14, 1986, after the Town Board allegedly failed to act on the demand for an audit, the petitioner began this article 78 proceeding in the nature of mandamus to compel an audit. The respondents moved to dismiss the petition, *inter alia,* on the basis that the petition was time barred and in the alternative, that an audit was not warranted, and that the petitioner was estopped to seek refund of the fee. The trial court found that the proceeding was not time barred and concluded that an audit was warranted.

The four-month period prescribed in CPLR 217 commenced to run after the respondents' refusal, upon the demand of the petitioner, to perform their statutory duty to perform an audit. Because the record does not specifically indicate when the respondents refused to comply with the petitioner's request for an audit, the proceeding is not untimely. Moreover, because the proceeding seeks to compel the Town Board to perform its official duty by conducting an audit on the duly filed claim for a fee refund, proceeding pursuant to CPLR article 78 in the nature of mandamus is proper *(see, People ex rel. Myers v Barnes,* 114 NY 317; *Matter of Koltun v Board of Educ.,* 25 Misc 2d 294). The audit is necessary to examine the petitioner's account to determine whether the fee the petitioner paid was reasonably necessary to defray the average costs sustained by the Planning Board in reviewing a subdivision application *(Suffolk County Bldrs. Assn. v County of Suffolk,* 46 NY2d 613; *Jewish Reconstructionist Synagogue v Incorporated Vil. of Roslyn Harbor,* 40 NY2d 158, *rearg denied* 40 NY2d 846). The petitioner is not estopped from seeking a refund as to the engineering review fee. Contrary to the

respondents' contention such a fee is not an agreed-to express condition on approval of the subdivision *(cf., Boulder Brook Acres v Town & Vil. of Scarsdale,* 112 AD2d 336, *lv dismissed* 66 NY2d 603; *Matter of City of New York [Klondike Realty Corp.],* 80 AD2d 611). Mangano, J. P., Bracken, Eiber and Spatt, JJ., concur.