■ SUNBEACH REAL ESTATE DEVELOPMENT CORP., Appellant-Respondent, v TOWN OF EAST HAMPTON, Respondent-Appellant.—In an action by the plaintiff, a real estate development corporation, for a refund of a subdivision review fee, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (McCarthy, J.), entered April 12, 1989, as denied those branches of its motion which were for summary judgment in its favor and to dismiss, *inter alia,* the defendant's fifth and sixth affirmative defenses, and the defendant cross-appeals from so much of the same order as granted that branch of the plaintiff's motion which was to dismiss the second and fourth affirmative defenses.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

We disagree with the plaintiff's contention that the court erred in denying summary judgment in its favor. The record shows that in July 1982 and June 1983 the plaintiff paid to the defendant, in two installments, a subdivision review fee of

some $83,109, in connection with the plaintiff's application for subdivision approval of real property lying within the Town of East Hampton. On October 8, 1986, the plaintiff, having determined that the defendant had spent "only a few dollars for [its] development plan", wrote to the defendant's supervisor requesting a refund of the unexpended amount. The matter was referred to the Town Attorney and, after a lack of any response, the plaintiff, pursuant to Town Law §§ 118 and 119, demanded an audit, as well as a refund of the entire amount of $83,109. The defendant denied the request. A subsequent proceeding pursuant to CPLR article 78 brought by the plaintiff was discontinued by stipulation between the parties whereby the defendant agreed to conduct an audit. Ultimately, on January 26, 1988, the defendant adopted a resolution denying the request for a refund, and stating that the costs of review exceeded the subdivision review fee paid by the plaintiff. No figures or tabulations justifying the expenditure were offered by the defendant. The instant action ensued.

We have said that "[i]t is basic summary judgment law that the movant must establish its cause of action or defense sufficiently to warrant a court's directing judgment in its favor as a matter of law" *(Daliendo v Johnson,* 147 AD2d 312, 317), and, as has been observed by the Court of Appeals, failure to make this showing "requires a denial of the motion, regardless of the sufficiency of the opposing papers" *(Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Nothing in the record justifies the plaintiff's supposition that it is entitled as a matter of law, to a refund of the *entire* subdivision fee, especially when the record shows that the plaintiff's initial reaction was to seek a refund of the unexpended amount only. The plaintiff's reliance upon *Matter of Wildlife Assocs. v Town Bd.* (141 AD2d 651, 652) is misplaced, since the plaintiff there sought a refund of the unexpended portion of its engineering review fee.

We have examined the remaining contentions of both the parties and find them to be without merit. Kunzeman, J. P., Rubin, Eiber and Miller, JJ., concur.