IMPERIAL GARDENS, INC., et al., Respondents, v TOWN OF WALLKILL, Appellant. [644 NYS2d 528]

It is well settled that the payment of a tax or fee cannot be recovered after the taxing statute or rule has been declared illegal unless the taxpayer can demonstrate that the payment was involuntary *(see, City of Rochester v Chiarella,* 58 NY2d 316, 323). Payment under protest is an indication that a tax was not paid voluntarily *(see, Mercury Mach. Importing Corp. v City of New York,* 3 NY2d 418, 425).

Since the plaintiffs wrote "under protest" on several checks totalling $252,000 that they tendered to the defendant as payment for water and sewer connection fees, those fees were paid involuntarily. Accordingly, the plaintiffs are entitled to reimbursement of that amount *(see, Video Aid Corp. v Town of Wallkill,* 85 NY2d 663). However, the plaintiffs are not entitled to reimbursement of the remaining water and sewer connection fees that they paid to the defendant because they have not established that those payments, which were not made under protest, were tendered under duress. "Under duress" means more than business or economic inconvenience *(see, Video Aid Corp. v Town of Wallkill, supra,* at 670).

The existence of numerous issues of fact regarding the circumstances surrounding the plaintiffs' payment of traffic

impact fees to the defendant precludes the award of summary judgment to the plaintiffs on their claim for reimbursement of those fees.

The defendant's remaining contentions are without merit. Mangano, P. J., Bracken, Copertino and Pizzuto, JJ., concur.