■ In the Matter of TENNESSEE GAS PIPELINE COMPANY, Respondent-Appellant, v TOWN OF CHATHAM BOARD OF ASSESSORS et al., Respondents, and NEW LEBANON CENTRAL SCHOOL DISTRICT, Appellant-Respondent. [657 NYS2d 269] —Casey, J. Appeals (1) from a judgment of the Supreme Court (Connor, J.), entered February 2, 1996 in Columbia County, which, in a proceeding pursuant to CPLR article 78, *inter alia*, ordered the refund of certain taxes paid by petitioner for the 1993-1994 fiscal year, and (2) from an order of said court, entered July 30, 1996 in Columbia County, which granted a motion by New Lebanon Central School District to intervene.

In August 1993, respondents rescinded a partial property tax exemption previously granted to petitioner pursuant to RPTL 485-b for its property in the Town of Chatham, Columbia County. Petitioner's CPLR article 78 challenge to this determination was unsuccessful in Supreme Court. On appeal, however, this Court reversed Supreme Court's judgment, annulled respondents' actions and reinstated the exemption, finding that respondents had failed to comply with the 10-day notice requirement of RPTL 553 (2) (b) (213 AD2d 103).

In an attempt to recover the moneys it had overpaid on its fiscal year 1993-1994 property taxes, petitioner sent out demand letters in November 1995 to each affected taxing entity, including New Lebanon Central School District (hereinafter the District), for the refunds it was owed. The District refused to refund the money, claiming that it was not a party to the proceeding and informing petitioner that for such a claim to be made petitioner needed an enforceable judgment or a statutory basis authorizing such payment. Upon petitioner's

---

request, which was opposed by the District, a judgment was thereafter executed by Supreme Court which included a decretal paragraph that petitioner recover from the District the principal amount of $50,833.20 plus interest.

After the judgment was entered on February 2, 1996, the District moved to intervene in the proceeding for the sole purpose of prosecuting an appeal of the judgment to this Court. Over petitioner's objection, Supreme Court granted the District's motion. Petitioner now appeals from the court's order granting the District intervenor status and the District appeals from the February 1996 judgment.

We initially reject petitioner's contention that Supreme Court erred in granting the District's motion to intervene. CPLR 7802 (d) permits intervention by "interested persons" and such intervention, which is more liberal than that provided in CPLR 1013 (see, Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7802:4, at 295), lies within the discretion of the court (see, Matter of White v Incorporated Vil. of Plandome Manor, 190 AD2d 854, lv denied 83 NY2d 752). Furthermore, intervention can occur at any time, including for the purpose of perfecting an appeal (see, Matter of Elinor Homes Co. v St. Lawrence, 113 AD2d 25, 28). Given the District's liability under the judgment, it is clearly an "interested person" within the meaning of the statute.

Petitioner's opposition to the District's intervention on timeliness grounds is without merit. Although a demand for payment was made on the District in November 1995, which was the first time that it learned of the CPLR article 78 proceeding, the District was not adversely affected by this litigation until the judgment was entered in February 1996. Up until that time there was no proceeding or judgment against the District in which it needed to intervene. Nothing in this Court's order reinstating the exemption or in the relief requested by petitioner in its petition had addressed the issue of whether the District was required to make any refund to petitioner. As the District made its motion within 30 days from when the judgment against it was entered, it cannot be said that its motion was untimely.

Turning to the District's appeal, we find that Supreme Court erred in executing the judgment against the District. Initially, as the District was never served with process, a binding judgment could not be entered against it (see, Matter of Einstoss, 26 NY2d 181, 191; Matter of Crichton, 20 NY2d 124, 127; Matter of Rochester Sav. Bank v County of Monroe, 169 Misc 526, 529). Furthermore, as petitioner failed to make a formal protest at

the time it paid the tax to the District, it is not entitled to a refund (*see, Video Aid Corp. v Town of Wallkill*, 85 NY2d 663, 667; *City of Rochester v Chiarella*, 58 NY2d 316, 323, *cert denied sub nom. Quality Packaging Supply Corp. v City of Rochester*, 464 US 828; *Mercury Mach. Importing Corp. v City of New York*, 3 NY2d 418, 426; *Imperial Gardens v Town of Wallkill*, 228 AD2d 562, 563, *lv dismissed* 88 NY2d 1016). Although a formal protest is excused if there is evidence that the payment was made under duress or coercion (*see, Video Aid Corp. v Town of Wallkill, supra*, at 667), no such evidence has been presented here. Avoiding the charge of interest or economic or business inconvenience is insufficient to constitute the duress or coercion necessary to excuse a formal protest (*see, id.*, at 670; *City of Rochester v Chiarella, supra*, at 324-325).

The formal protest requirement may also be satisfied if payment is made during the pendency of a legal proceeding (*see, Corporate Prop. Investors v Board of Assessors*, 153 AD2d 656, 659, *lv dismissed, lv denied* 75 NY2d 802), as was the case here. However, given that the purpose of a protest is to "alert[ ] [the municipality], at the time of receipt, to the uncertainty of those revenues" (*Video Aid Corp. v Town of Wallkill, supra*, at 670) so that it can be prepared to meet the possible contingency that it may be obliged to refund the taxes, we find that the commencement of such a proceeding can be an effective protest only to those who are named as parties or otherwise have actual notice of such lawsuit (*see generally, Matter of Rochester Sav. Bank v County of Monroe, supra*), neither circumstance existing here. Having reached this conclusion, we need not address any remaining contentions raised by the District on its appeal.

Mikoll, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as required New Lebanon Central School District to refund taxes paid to it by petitioner, and, as so modified, affirmed. Ordered that the order is affirmed, without costs.