■ In the Matter of ROBERT A. ROMEO et al., Respondents, v NEW YORK STATE DEPARTMENT OF EDUCATION et al., Appellants-Respondents. WESTHILL CENTRAL SCHOOL DISTRICT, Proposed Intervenor-Appellant. [833 NYS2d 298]—

Kane, J. Appeals (1) from a judgment of the Supreme Court (Connor, J.), entered January 6, 2006 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Education denying enrollment of petitioners' children in the Westhill Central School District, and (2) from a judgment of said court (Ferradino, J.), entered June 13, 2006 in Albany County, which denied a motion by Westhill Central School District to intervene.

Motions (1) by respondents to withdraw and discontinue their appeal, and (2) by Westhill Central School District to reject a stipulation discontinuing respondents' appeal.

Petitioners alleged that their property was located in two different school districts, permitting them to designate which school district their children would attend (*see* Education Law § 3203). After they designated the Westhill Central School District (hereinafter the district), the district determined that

petitioners did not reside in the district and their children were not eligible for enrollment. Petitioners filed an administrative appeal with respondent Commissioner of Education, who upheld the district's determination. Petitioners then commenced this CPLR article 78 proceeding against the Commissioner and respondent Department of Education seeking to annul the Commissioner's determination and allow them to designate the district pursuant to Education Law § 3203. Supreme Court (Connor, J.) granted the petition and annulled the Commissioner's determination, prompting respondents' appeal.

After Supreme Court issued its judgment and respondents were considering whether to appeal, they contacted the district regarding its position. The district, which had not previously been aware of petitioners' CPLR article 78 proceeding, moved to intervene less than a month after the court had rendered its judgment. Supreme Court (Ferradino, J.) denied the district's motion to intervene, prompting the district's appeal from that judgment.

After both appeals were perfected, the Commissioner and Department of Education submitted a stipulation of discontinuance and application to withdraw their appeal of the January 6, 2006 judgment. The district filed a motion for this Court to reject the stipulation of discontinuance.

We first address whether the district should have been permitted to intervene in this proceeding. A nonparty may intervene as of right "when the representation of the person's interest by the parties is *or may be* inadequate and the person is or may be bound by the judgment" (CPLR 1012 [a] [2] [emphasis added]). Intervention can occur at any time, even after judgment for the purpose of taking and perfecting an appeal (*see Matter of Greater N.Y. Health Care Facilities Assn. v DeBuono*, 91 NY2d 716, 720 [1998]; *Matter of Tennessee Gas Pipeline Co. v Town of Chatham Bd. of Assessors*, 239 AD2d 831, 832 [1997]). While the district would not be directly bound by a judgment, as it was neither served with process nor was it a party to the court proceeding (*see Matter of Tennessee Gas Pipeline Co. v Town of Chatham Bd. of Assessors, supra* at 832), the Commissioner, upon application, would be required to issue an order which would effectively force the district to comply with the court's judgment. Petitioners contend that respondents adequately represented the district's interests. That contention is belied by respondents' actions in failing to notify the district of the proceeding despite arguing that the district was a necessary party, and recently seeking to withdraw their appeal on the basis of their new position that neither their substantive nor procedural arguments

have any merit. At the very least, the district's interests "may" not have been adequately represented. Under the unusual circumstances of this case, we find that the district should have been permitted to intervene at the time of its motion for the purpose of taking an appeal (*see Matter of Greater N.Y. Health Care Facilities Assn. v DeBuono, supra* at 720; *see also Town of Crown Point v Cummings*, 300 AD2d 873, 874 [2002]).

Accordingly, the district may intervene as an appellant on the appeal from the January 6, 2006 judgment provided that it files a notice of appeal within 30 days following entry of this Court's order. As we have no basis to compel respondents to continue prosecuting an appeal which they wish to withdraw, the district's motion is denied. Respondents' motion to withdraw and discontinue their appeal is granted effective 30 days following entry of this Court's order.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that respondents' motion to withdraw and discontinue their appeal is granted, without costs, effective 30 days following entry of this Court's order. Ordered that the motion of Westhill Central School District to reject the stipulation of discontinuance is denied, without costs. Ordered that the judgment entered June 13, 2006 is reversed, on the law, without costs, and Westhill Central School District's motion to intervene granted to the extent that the district may intervene on the appeal of the judgment entered January 6, 2006 provided that it files a notice of appeal within 30 days following entry of this Court's order. Ordered that decision on the appeal from the judgment entered January 6, 2006 is withheld pending the filing of briefs by Westhill Central School District and all other parties.