■ In the Matter of HARRIMAN ESTATES AT AQUEBOGUE, LLC, et al., Respondents, v TOWN OF RIVERHEAD et al., Appellants. [58 NYS3d 63]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the respondent/defendant Town Board of the Town of Riverhead dated October 5, 2010, which denied the petitioners/plaintiffs' claim, pursuant to Town Law §§ 118 and 119, for an audit and a refund of fees, and action, inter alia, for a refund of the fees, the respondents/defendants appeal from an order of the Supreme Court, Suffolk County (Santorelli, J.), dated May 27, 2015, which denied their motion for summary judgment dismissing the petition/complaint, and granted the petitioners/plaintiffs' cross motion pursuant to CPLR 3124 to compel discovery.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as denied that branch of the appellants' motion which was for summary judgment dismissing the causes of action asserted pursuant to CPLR article 78 is

deemed to be an application for leave to appeal from those portions of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

In 2004, the petitioners/plaintiffs, Harriman Estates Development Corp., a real estate development corporation, and Harriman Estates at Aquebogue, LLC, its subsidiary corporation (hereinafter together the developers), applied to the respondent/defendant Planning Board of the Town of Riverhead (hereinafter the Planning Board) for approval of an 87-lot subdivision they planned to build in the Town of Riverhead. The developers paid a $28,500 fee for the preliminary plat approval and submitted all of the required paperwork. In July 2006, the Planning Board adopted a resolution approving the subdivision application. As a condition of the approval, the Planning Board required the developers to pay, inter alia, a $261,000 park and recreation fee, a $271,400 engineering review fee, and a $217,500 water/"key money" fee. While the developers paid all of the fees, they never began construction and, in March 2010, the developers officially abandoned the subdivision project. On April 7, 2010, the developers sold the development rights to their property to the County of Suffolk. On April 27, 2010, pursuant to Town Law §§ 118 and 119, the developers presented an itemized voucher and a demand for an audit to the Town Board of the Town of Riverhead (hereinafter the Town Board), seeking recovery of the unexpended portion of the fees. On October 5, 2010, the Town Board adopted a resolution denying a refund.

On December 13, 2010, the developers filed a petition/complaint against the respondents/defendants (hereinafter together the Town), alleging, inter alia, that the denial of the refund was arbitrary and capricious and that they were entitled to a refund of the entire amount paid as a park and recreation fee, an engineering review fee, and a water/"key money" fee. In an amended petition/complaint, the developers additionally alleged that they were entitled to a partial refund of the fee paid for preliminary plat approval. Following an unsuccessful motion to dismiss and some discovery, the Town moved for summary judgment dismissing the amended petition/complaint. The Town argued, inter alia, that the developers were not entitled to a refund of fees regardless of whether the subdivision was ultimately developed. The developers opposed the Town's motion for summary judgment, and cross-moved pursuant to CPLR 3124 to compel the Town, inter alia, to clarify its responses to certain interrogatories

regarding how the money received in fees was spent. The Supreme Court denied the Town's motion for summary judgment, and granted the developers' cross motion. The Town appeals.

The Supreme Court properly denied the Town's motion for summary judgment. A fee charged by a municipality in connection with the exercise of powers delegated to it by the Legislature must be reasonably necessary to the accomplishment of the statutory command (*see Jewish Reconstructionist Synagogue of N. Shore v Incorporated Vil. of Roslyn Harbor*, 40 NY2d 158, 163 [1976]). Fees cannot be charged to generate revenue or to offset the cost of other governmental functions (*see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]; *New York Tel. Co. v City of Amsterdam*, 200 AD2d 315, 317 [1994]; *Matter of Torsoe Bros. Constr. Corp. v Board of Trustees of Inc. Vil. of Monroe*, 49 AD2d 461, 465 [1975]). The claim and audit procedures set forth in Town Law §§ 118 and 119 are available to assure that only reasonably necessary fees are charged (*see Twin Lakes Dev. Corp. v Town of Monroe*, 300 AD2d 573, 574 [2002], *affd* 1 NY3d 98 [2003]; *Sunbeach Real Estate Dev. Corp. v Town of E. Hampton*, 161 AD2d 579, 580 [1990]; *Matter of Wildlife Assoc. v Town Bd. of Town of Southampton*, 141 AD2d 651, 652 [1988]). Here, the evidence presented by the Town in support of its motion for summary judgment did not demonstrate that the fees charged were reasonably necessary to cover costs associated with the developers' subdivision project, and that the developers were not entitled a refund of the unexpended portion of the fees (*see generally Sunbeach Real Estate Dev. Corp. v Town of E. Hampton*, 161 AD2d at 580; *Matter of Wildlife Assoc. v Town Bd. of Town of Southampton*, 141 AD2d at 652). Since the Town failed to present sufficient evidence to eliminate any triable issues of fact, its motion for summary judgment was properly denied without regard to the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Sunbeach Real Estate Dev. Corp. v Town of E. Hampton*, 161 AD2d at 580).

With respect to the developers' cross motion pursuant to CPLR 3124, the trial court is vested with broad discretion over the supervision of discovery, and its determination will not be disturbed absent an improvident exercise of discretion (*see Clark v Halmar Equities, Inc.*, 88 AD3d 940, 940-941 [2011]; *Foster v Herbert Slepoy Corp.*, 74 AD3d 1139, 1140 [2010]). Here, the Supreme Court providently exercised its discretion in granting the developers' motion pursuant to CPLR 3124 to

compel the Town's compliance with its interrogatories and discovery demands (see *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]; *Gould v Decolator*, 131 AD3d 445, 446-447 [2015]; *Clark v Halmar Equities, Inc.*, 88 AD3d 940, 941 [2011]).

The parties' remaining contentions are without merit. Leventhal, J.P., Hinds-Radix, LaSalle and Brathwaite Nelson, JJ., concur.