Matter of Joy Apts., LLC v Town of Cornwall (2018 NY Slip Op 02786)





Matter of Joy Apts., LLC v Town of Cornwall


2018 NY Slip Op 02786


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-09706
 (Index No. 2087/16)

[*1]In the Matter of Joy Apartments, LLC, appellant,
v Town of Cornwall, respondent.


Joseph J. Haspel, Goshen, NY, for appellant.
Drake Loeb, PLLC, New Windsor, NY (Stephen J. Gaba of counsel), for respondent.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Orange County (Robert A. Onofry, J.), dated August 8, 2016. The order and judgment granted the respondent/defendant's motion pursuant to CPLR 7804(f) and 3211(a) to dismiss the petition/complaint, and denied the petition and dismissed the proceeding and action.
ORDERED that the order and judgment is affirmed, with costs.
The petitioner/plaintiff, Joy Apartments, LLC (hereinafter Joy), applied to the Building Department of the respondent/defendant, Town of Cornwall, for a permit to construct a 31-unit apartment building. The Building Department issued a building permit to Joy, and Joy paid a building permit fee of $33,362, based on a rate of $.50 per square foot of floor area. The check Joy used to pay the building permit fee did not indicate that Joy paid the fee under protest. After the construction was complete, the Building Department issued a certificate of occupancy for the apartment building.
Thereafter, Joy's counsel sent a letter to the Building Department indicating that Joy had paid the building permit fee with the understanding that it was an "estimated sum" that was reasonably necessary to cover the costs of issuance, inspection, and enforcement. Joy's counsel requested an accounting "so we can determine to what extent Joy is due a refund." The Town's Building Inspector advised Joy's counsel that the Town calculated building permit and inspection fees based on the square footage of the project.
Joy then commenced this hybrid proceeding/action seeking, among other things, an order directing the Town to account for the expenses it incurred with respect to Joy's building project and to refund the difference between the reasonable expenses it incurred and the amount Joy paid, and a judgment declaring that the Town's local law authorizing the building permit fee is void as an unauthorized tax. The Town moved to dismiss the petition/complaint pursuant to CPLR 3211(a)(1), (5), (7), and 7804(f). The Supreme Court granted the motion, and Joy appeals.
"[W]here a license or permit fee is imposed under the power to regulate, the amount charged cannot be greater than a sum reasonably necessary to cover the costs of issuance, inspection [*2]and enforcement" (Matter of Torsoe Bros. Constr. Corp. v Board of Trustees of Inc. Vil. of Monroe, 49 AD2d 461, 465). Fees may not be used to generate revenue or offset the cost of general governmental functions (see Matter of Harriman Estates at Aquebogue, LLC v Town of Riverhead, 151 AD3d 854, 856). To the extent that they do so, they are invalid as an unauthorized tax (see Matter of Torsoe Bros. Constr. Corp. v Board of Trustees of Inc. Vil. of Monroe, 49 AD2d at 465). However, an exact congruence between the fee and the total expenses is not required (see Suffolk County Bldrs. Assn. v County of Suffolk, 46 NY2d 613, 621).
Here, contrary to the allegations in the petition/complaint, a building permit fee based on the square footage of the project is not illegal per se (see generally Jewish Reconstructionist Synagogue of N. Shore v Incorporated Vil. of Roslyn Harbor, 40 NY2d 158, 164; Matter of Wildlife Assoc. v Town Bd. of Town of Southampton, 141 AD2d 651, 652).
The Supreme Court correctly found that Joy is not entitled to a refund of any portion of the building permit fee. "[T]he payment of a tax or fee cannot be recovered subsequent to the invalidation of the taxing statute or rule, unless the taxpayer can demonstrate that the payment was involuntary" (Video Aid Corp. v Town of Wallkill, 85 NY2d 663, 666). "Payment under express protest is an indication that a tax [or fee] is not paid voluntarily" (id. at 667; see Mercury Mach. Importing Corp. v City of New York, 3 NY2d 418, 424-425; Imperial Gardens v Town of Wallkill, 228 AD2d 562). Where the payment is "necessary to avoid threatened interference with present liberty of person or immediate possession of property, the failure to formally protest will be excused" (Video Aid Corp. v Town of Wallkill, 85 NY2d at 667; see Five Boro Elec. Contrs. Assn. v City of New York, 12 NY2d 146; see also Adrico Realty Corp. v City of New York, 250 NY 29). Further, where the payment of a tax or fee is based on a material mistake of fact, the payment may be recovered even if it was made without protest (see Mercury Mach. Importing Corp. v City of New York, 3 NY2d 418; Adrico Realty Corp. v City of New York, 250 NY 29; Matteawan On Main, Inc. v City of Beacon, 109 AD3d 590).
Here, it is undisputed that Joy did not pay the building permit fee under protest. Nor was the payment made under duress because it did not involve a threatened interference with present liberty of person or immediate possession of property (see Video Aid Corp. v Town of Wallkill, 85 NY2d at 669-670; Mercury Mach. Importing Corp. v City of New York, 3 NY2d at 425; Imperial Gardens v Town of Walkill, 228 AD2d at 563). Moreover, Joy's alleged belief that it was entitled to a refund was not a mistake of fact (see Mercury Mach. Importing Corp. v City of New York, 3 NY2d 418; Adrico Realty Corp. v City of New York, 250 NY 29; cf. Matteawan On Main, Inc. v City of Beacon, 109 AD3d 590).
Accordingly, the Supreme Court properly granted the Town's motion to dismiss the petition/complaint (see CPLR 3211[a][7]; 7804[f]).
The parties' remaining contentions need not be addressed in light of our determination.
CHAMBERS, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court